H. C. PENNY, ADMINISTRATOR OF J. T. PENNY, DECEASED, v. H. W. STONE, TRADING AS PETROLEUM TRANSIT COMPANY, AND WILLIAM (BILL) LOCKEY.

(Filed 10 December, 1947.)

1. Pleadings § 31—

All allegations which the pleader is not entitled to support by evidence at the hearing should be stricken upon motion aptly made.

2. Master and Servant § 41—

In an action by the administrator of a deceased employee against the third-party tort-feasor, allegations in defendant's answer of an illegal agreement between the dependents and the employer for the distribution of the fund, are properly stricken on motion, since the administrator is an official of the court under duty to make disbursement of any recovery in conformity with statute, and could not be bound by the terms of the agreement alleged. G. S., 97-10.

3. Same—

In an action by the administrator of an employee against the third-party tort-feasor, evidence concerning amount of compensation paid by the employer or the amount thereof to which dependents are entitled, is prohibited. G. S., 97-10.

4. Same: Attorney and Client § 6: Actions § 3d—Allegations held insufficient to allege contract not to sue.

This action was instituted by the administrator of a deceased employee against the third-party tort-feasor. Compensation had been paid for the employee's death under the Workmen's Compensation Act. Defendant alleged in its answer that in the collision causing the death of plaintiff's intestate, other persons were killed or injured, that the other actions growing out of the collision were compromised, and ·that in the settlement defendant made a substantial contribution upon the assurance of the attorneys for the employer and insurance. carrier that they would recommend that this action not be instituted. Held: The allegations failed to show a contract by the employer or the insurance carrier not to sue, or that the attorneys did not make the promised recommendation in good faith; and the allegations were properly stricken upon motion in the administrator's action.

5. Appeal and Error § 29—

An exception not discussed in the brief is deemed abandoned. Rule of Practice in the Supreme Court, No. 28.

APPEAL by defendant Stone from *Nimocks, J.,* February Term, 1947, ROBESON. Affirmed.

Civil action to recover damages for wrongful death heard on motion to strike allegations in defendant's further answer.

Plaintiff's intestate was employed by the Lumberton Coach Company to operate a passenger bus. On the night of 29 November 1945, the bus operated by him and an oil tanker truck operated by defendant William Lockey, and belonging to defendant Stone, were in collision on N. C. Highway 211. Plaintiff's intestate received injuries which caused his death. Many of the passengers on the bus were also killed or injured. Twenty-eight separate suits for damages were instituted. These actions were closed by compromise settlements, toward which settlements defendant made a substantial contribution.

The dependents of plaintiff's intestate have received an award under the Workmen's Compensation Act, and this cause was instituted pursuant to the provisions of G. S. 97-10 for the joint benefit of plaintiff and the insurance carrier of the Lumberton Coach Company.

The appellant answered, pleading certain affirmative defenses. In his third (unnumbered) further defense he, in eight separate paragraphs, alleges in substance:

1. That an agreement had been entered into between the employer of deceased or its insurance carrier and the father of deceased for a division of the proceeds recovered in this action in a manner contrary to the provisions of G. S. 97-10 and contrary to public policy; that the action is not maintained in good faith but instead is prosecuted under said spurious agreement; and that plaintiff is estopped by law and good morals by "said illegal agreement";

2. The acceptance by the dependents of plaintiff's intestate of the award made by the Industrial Commission and the releases executed in connection therewith constitute a bar to this action;

3. That during the negotiations for the settlement of the twenty-eight damage suits which grew out of the collision, counsel for the insurance carrier of the employer of plaintiff's intestate, in return for a large contribution from defendant toward the settlements, promised to advise their client not to institute this action and assured defendant their client, in their opinion, would follow their advice; and that therefore said insurance carrier and said attorneys are estopped from receiving any part of the recovery herein.

The plaintiff moved to strike all eight paragraphs constituting said further defense. The motion was allowed and defendant excepted and appealed.

*James R. Nance and Johnson & Johnson for plaintiff appellee.*
*Oates, Quillin & MacRae and F. D. Hackett for defendant appellant.*

BARNHILL, J.  An allegation in a pleading is irrelevant and immaterial whenever it is of such nature that evidence in support thereof would be incompetent at the hearing.  Nothing ought to remain in a pleading, over objection, which is incompetent to be shown in evidence.  *Pemberton v. Greensboro,* 203 N. C., 514, 166 S. E., 396; *Duke v. Children's Com.,* 214 N. C., 570, 199 S. E., 918.  On a motion to strike, the test of relevancy of a pleading is the right of the pleader to present the facts to which the allegation relates in evidence upon the trial.  *Trust Co. v. Dunlop,* 214 N. C., 196, 198 S. E., 645.

Tested by this rule, the allegations contained in defendant's third further defense, to which plaintiff objects, are irrelevant.  The court below correctly ruled that they should be stricken.  Hence defendant's exceptive assignment of error based on said ruling cannot be sustained.

The plaintiff is an officer of the court and he prosecuted this action under express authority conferred by G. S. 97-10.  That statute prescribes the manner in which any amount recovered herein is to be disbursed.  He is bound by the terms thereof and no agreement made by the father of deceased on the one hand and the employer or its insurance carrier on the other can affect him in the discharge of his duty as administrator.

Furthermore, evidence concerning the amount of compensation paid by the employer or the amount of compensation to which dependents are entitled is expressly prohibited in an action such as this.  G. S. 97-10.

No agreement by the insurance carrier of the employer of plaintiff's intestate not to sue is alleged.  Defendant merely asserts that counsel for the insurance carrier gave assurance that they would recommend to their client that no suit in the nature of the one here maintained should be instituted and stated to defendant that "we have represented this company for years and we feel sure that they will follow our recommendations."  There is no suggestion that counsel did not in good faith carry out their promise.  Furthermore, the alleged conversation, in and of itself, discloses that the insurance carrier had not been consulted and had not authorized the statement counsel are alleged to have made.  Evidence in respect thereto would be irrelevant and incompetent on the trial of the issues raised by the pleadings herein.

Defendant does not discuss in his brief his exception to the judgment as it relates to the action of the court in refusing to strike paragraph 5 of his third further defense wherein he pleads the acceptance by the dependents of the award made by the Industrial Commission and the releases executed in connection therewith as a bar to this action.  Therefore, this

contention is deemed to be abandoned. Rule 28, Rules of Practice in the Supreme Court, 221 N. C., 562, anno. p. 563. In any event.it is without merit.

For the reasons stated the judgment below is
Affirmed.