JAMES D. REDDING v. GEORGE W. BRADDY.

(Filed 21 November 1962.)

**1. Evidence § 15—**

In order to be relevant it is not required that evidence bear directly on the issue or that the inference sought to be established thereby be the sole possible inference, it being sufficient if there is a reasonable connection between the evidence and the fact sought to be proven and not merely one which is remote or conjectural.

**2. Evidence § 56—**

Plaintiff testified to the effect that the accident in suit caused injury to his neck and that a subsequent, unconnected accident caused injury only to his back. *Held:* Testimony of a settlement for injuries received in the second accident with evidence tending to show that the treatment for that injury related to injury to plaintiff's neck as well as his back, is competent as bearing upon the credibility of plaintiff's testimony to the

effect that the only injury he sustained in the second accident was a back injury.

**3. Appeal and Error § 42—**

Where incompetent evidence is admitted without objection, the fact that the court charges the jury upon the evidence so admitted will not be held for error, certainly when the instruction relating to such evidence could not have prejudiced appellant.

APPEAL by plaintiff from *Gambill, J.,* July 9, 1962, Term of FORSYTH.

Personal injury action instituted February 1, 1961, growing out of a collision that occurred February 25, 1958, about 11:25 a.m., in Winston-Salem, North Carolina.

Plaintiff operated a 1957 Plymouth, the property of the Police Department of Winston-Salem, west along Liberty Street and stopped (in obedience to a red traffic light) east of and near the intersection of Liberty Street and North Patterson Avenue. Defendant, operating his 1937 Pontiac, had been following the 1957 Plymouth. Defendant saw the 1957 Plymouth slow down and stop and there was ample space for defendant to slow down and stop. However, defendant was unable to bring his car to a complete stop. His clutch and brakes failed to respond. Under these circumstances, the front of the 1937 Pontiac, at slow speed, struck the right rear of the 1957 Plymouth.

Plaintiff alleged the said collision and the personal injuries he sustained were proximately caused by the negligence of defendant. Defendant, answering, denied said allegations. Defendant, among other things, alleged: ". . . if the plaintiff sustained any injuries as a result of said collision, same were minor in nature, and the defendant says and alleges that any injuries sustained by the plaintiff in 1958 were the result of some other accident and were not caused by the accident complained of in this case."

Evidence was offered by plaintiff and by defendant. At the conclusion of all the evidence, it was stipulated that the court answer the first issue, "Yes," thereby establishing that plaintiff was injured by the negligence of defendant as alleged in the complaint.

The second issue, relating to damages, was submitted to the jury, which found that plaintiff was entitled to recover of defendant the sum of $1,265.30. The court entered judgment which, after recitals, provides:

"NOW, THEREFORE, IT IS ORDERED, DECREED AND ADJUDGED that the plaintiff have and recover judgment against the defendant in the amount of $1265.30, which sum shall be paid by the Clerk of Superior Court of Forsyth County, North Caro-

lina, to the City of Winston-Salem upon its subrogation claim under the Workmen's Compensation Act of the State of North Carolina in that amount, less a fee of $300.00 hereby found to be reasonable to be paid from the proceeds of said judgments to Messrs. White and Crumpler in payment of their services rendered upon the trial of this action, all as provided by law, and the defendant is taxed with the costs."

Plaintiff excepted and appealed.

*White & Crumpler, Leslie G. Frye and Harrell Powell, Jr., for plaintiff appellant.*
*Womble, Carlyle, Sandridge & Rice and H. G. Barnhill, Jr., for defendant appellee.*

BOBBITT, J. Prior to February 25, 1958, plaintiff, a police officer, had been involved in a series of automobile collisions from which he received some injury, including injury to his neck and back.

The damage to the police car (Plymouth) caused by the collision of February 25, 1958, was "very slight." The chief accounting officer of Winston-Salem testified the damage "was of such a minor nature that the vehicle was not repaired."

Plaintiff testified he felt "a sharp pain in (his) neck, just back of (his) head, just at the back of (his) neck," when defendant's Pontiac struck the Plymouth; that he "immediately called the police over the radio to come and investigate this collision"; that he got out of the police car, talked with defendant and tested the gear shift and brakes on defendant's car; and that, after remaining at the scene of the collision some twenty or thirty minutes, he went to the office of Dr. Transou, a chiropractor, where he was "given an adjustment to (his) neck."

From February 25, 1958, to October 28, 1958, plaintiff was given numerous adjustments by Dr. Transou. Plaintiff testified that, during this period, he suffered pain both "in (his) neck and right arm." From October 28, 1958, until February 9, 1959, plaintiff saw no doctor.

Plaintiff saw Dr. McDowell, a bone specialist, February 9, 1959. Under treatment by Dr. McDowell, plaintiff was in the hospital from February 24, 1959, to March 5, 1959. Plaintiff was absent from work from February 25, 1959, through August 21, 1959. (Note: Prior to February 25, 1959, plaintiff had lost no time from his work.) During this period, plaintiff received his full salary of $380.00 per month. (Note: Included in this amount was $35.00 per week paid by Winston-Salem as self-insurer under the Workmen's Compensation Act. Too, by

reason of the payment of full salary, plaintiff's accumulated sick leave was reduced a half day for each of the days he was absent from work.)

While all of plaintiff's assignments of error have been considered, only those referred to below merit particular discussion.

On May 22, 1958, some three months after the collision in which defendant was involved, a police car in which plaintiff and another officer were riding had stopped at a street intersection in Winston-Salem, North Carolina, in obedience to a red traffic light. Plaintiff testified: "While I was sitting there a car driven by a man by the name of Charlie Hartman White, Jr., of Mocksville, accelerated and ran into the rear of the car I was in." Again: "In that collision the muscles in my lower back were pulled; I did not have any injury to my neck in that collision."

Under cross-examination, plaintiff testified, over objection by his counsel, that he had received $1,025.00 on April 2, 1959, in settlement of his claim for injuries caused by said collision of May 22, 1958; and defendant, over plaintiff's objection, offered in evidence the check of Allstate Insurance Company, dated April 2, 1959, in the amount of $1,025.00, payable to James D. Redding. Plaintiff assigns as error the admission of this evidence, contending the fact there was a settlement of his claim for injuries sustained in said collision of May 22, 1958, for $1,025.00, was irrelevant and prejudicial.

"The standard of admissibility based on relevancy and materiality is of necessity so elastic, and the variety of possible fact situations so nearly infinite, that an exact rule cannot be formulated. In attempting to express the standard more precisely, the Court has emphasized the necessity of a *reasonable,* or *open and visible* connection, rather than one which is remote, latent, or conjectural, between the evidence presented and the fact to be proved by it, at the same time pointing out that the evidence need not bear *directly* on the issue and that the inference to be drawn need not be a *necessary* one." Stansbury, North Carolina Evidence, § 78.

Before and after May 22, 1958, plaintiff was receiving adjustments from Dr. Transou. In February-March, 1959, in the hospital, plaintiff "was placed in traction, with a head harness, with a bar running across the top of (his) head . . ." Plaintiff testified that while "wearing the traction it gave (him) some relief, and (his) neck and shoulders seemed to get a lot better," and "the grip in (his) hand started to coming back to some degree." Dr. McDowell, witness for plaintiff, testified that when he first examined plaintiff on February 9, 1959, plaintiff "was complaining of pain in his neck entirely, not in his lower back, even though he was still wearing a back support to his lower back." Again: "My examination was confined entirely to his complaint,

which was his neck." Dr. McDowell referred to the treatment given plaintiff in the hospital as "cervical traction." Dr. McDowell testified plaintiff told him about the collision in May, 1958, but "did not at any time say anything specifically about an accident involving the automobile driven by Mr. Braddy, on February 25, 1958."

While the *precise amount* of the settlement was not of particular significance, it may be inferred from the fact he received a substantial amount in settlement that plaintiff was then asserting he received substantial injury from said collision of May 22, 1958. Moreover, as indicated, Dr. McDowell's testimony was to the effect that he was treating plaintiff primarily for injuries to his neck, not for injuries to plaintiff's back, and that plaintiff did not advise him of any collision in which he was involved in 1958 except the collision of May 22, 1958. Under the circumstances, we think the testimony concerning plaintiff's settlement of April 2, 1959, was relevant and material as bearing upon the credibility of plaintiff's testimony to the effect the only injuries he sustained May 22, 1958, were back injuries.

Evidence was elicited, first by plaintiff's counsel and thereafter by counsel for plaintiff and counsel for defendant, with reference to the amount paid by Winston-Salem, a self-insurer under the Workmen's Compensation Act, to plaintiff, its employee, as (workmen's) compensation and for medical bills, a total of $1,265.30. As provided by G.S. 97-10.2(e), this evidence was inadmissible. *Penny v. Stone*, 228 N.C. 295, 45 S.E. 2d 362. Ordinarily, the admission of such evidence, over objection, would be error. However, no objection was interposed either by plaintiff or by defendant.

Plaintiff does not assign as error the admission of the evidence relating to payments made under the Workmen's Compensation Act. He assigns as error portions of the charge in which the court refers to this evidence. The gist of the court's instructions was that plaintiff, if entitled to recover from defendant, was entitled to recover all damages ordinarily recoverable in a personal injury action but that the amount recovered, up to $1,265.30, would be used to reimburse Winston-Salem for the payments it had made under the Workmen's Compensation Act. *Lovette v. Lloyd*, 236 N.C. 663, 668, 73 S.E. 2d 886, and cases cited. Thus, the jury was advised, in effect, that plaintiff could not benefit personally from the verdict unless the amount thereof exceeded $1,265.30.

In instructing the jury, the court was confronted by the fact that the evidence concerning the payments made by Winston-Salem under the Workmen's Compensation Act had been admitted and was before the jury. Whether counsel for plaintiff or defendant had based arguments to the jury on such evidence does not appear. We cannot say

that the court should have ignored the fact that this evidence had been admitted and was before the jury. Under the circumstances, we do not perceive that the instructions were prejudicial to plaintiff.

Plaintiff's other assignments do not disclose prejudicial error and discussion thereof is deemed unnecessary.

No error.