LONNIE R. SPIVEY v. THE BABCOCK & WILCOX COMPANY.

(Filed 5 May, 1965.)

**1. Negligence § 37—**

An employee of an independent contractor on the premises in the performance of his duties is an invitee of the contractee.

**2. Master and Servant § 18— Issues of negligence and contributory negligence held for jury in this action by employee of independent contractor.**

Plaintiff was an employee of an independent contractor sent to perform plumbing work in defendant's plant. The evidence disclosed that he was unfamiliar with the part of the plant in which he was to work, that he found the floor covered with debris and rubble where the concrete floor had been broken with a pneumatic hammer, that a manhole in the floor had been covered with cardboard which in turn was covered by a platform made from slats an inch thick nailed to a frame of 2 x 4's, that, in clearing the floor to work, plaintiff moved the platform, stepped forward onto the cardboard, which gave way, causing plaintiff to fall to his injury. *Held:* The evidence does not disclose that defendant, as a matter of law, had taken reasonable precaution to warn plaintiff, or that plaintiff, as a matter of law, had failed to exercise due care for his own safety. The fact that plaintiff had a blueprint showing the location of the manhole, to which blueprint plaintiff had had no occasion to refer in order to determine where to locate the pipes, does not alter this result.

**3. Negligence § 22; Master and Servant § 86—**

In an action by an employee against a third person tort-feasor to recover for negligent injury, any reference to workmen's compensation benefits received by the plaintiff is incompetent, G.S. 97-10.2(e).

**4. Damages § 3—**

The party injured by the negligence of another is entitled to recover the amount which will fairly compensate him for his injuries, without considering payments received by the injured person under the provisions of the Workmen's Compensation Act or insurance procured by himself or his employer.

APPEAL by plaintiff from *Bundy, J.,* September 1964 Civil Session of NEW HANOVER.

Civil action to recover for personal injuries.

Plaintiff's evidence, which his allegations are effective to support, tends to show the following facts: On April 18, 1960, the date of the accident in suit, plaintiff was a journeyman plumber who had been licensed for two years. He was in the employ of H. G. Herring Plumbing Company, which had a contract to install certain plumbing and heating facilities in defendant's plant in Wilmington. Although plaintiff had worked in the opposite end of the plant, he was unfamiliar with the particular location to which his employer sent him on the morning of

the accident. When plaintiff arrived, he found in rubble the concrete floor in the area in which he was to work. In order that plaintiff might lay pipes, defendant's employees had broken the floor with a pneumatic hammer, and it was covered with broken cement and wiring, "rock and stuff that was in (the) way and pieces of wood." Plaintiff was cleaning up this rubble before laying pipes when he fell into an 8-foot manhole and tore the cartilage in his left knee. As a result of this injury he has a 5% permanent disability of his left leg. An operation on his knee was required, and he was out of work for three months. Squatting and crawling, positions he is required to take in the performance of his work, are now difficult and painful.

The manhole had been covered with a piece of cardboard, which, in turn, was covered by a rough-and-ready platform which had been made by nailing "inch boards," or slats, onto a frame of 2 x 4's. "It was just lying there on the dirt like the rest of the stuff. It was in my way and I picked it up." No sign or flag gave any warning that this cover concealed a manhole, nor had any person told plaintiff that the manhole was there. In his truck, plaintiff had a blueprint showing the location of the manhole, but, prior to his injury, plaintiff had had no occasion to refer to it. He testified "I did not need the blueprint to clear the trash out." In clearing away the rubble plaintiff moved the platform aside, stepped forward onto the cardboard which he did not see, and fell into the manhold. The cardboard fell in with him.

At the close of plaintiff's evidence defendant's motion for a judgment of nonsuit was sustained. Plaintiff appeals.

*Aaron Goldberg for plaintiff appellant.*
*Marshall & Williams for defendant appellee.*

SHARP, J. Plaintiff, an employee of an independent contractor who had undertaken to install plumbing fixtures on defendant's premises, was an invitee of defendant. *Pafford v. Construction Co.*, 217 N.C. 730, 9 S.E. 2d 408; 2 Harper & James, Torts § 27.12 at p. 1481 (1956 Ed.). Defendant's duty to plaintiff, therefore, was one of due care under all the circumstances. The general rule is stated in *Deaton v. Elon College,* 226 N.C. 433, 438, 38 S.E. 2d 561, 565:

> "The owner is not responsible to an independent contractor for injuries from defects or dangers of which the contractor knew or should have known, 'but if the defect or danger is hidden and known to the owner, and neither known to the contractor, nor such as he ought to know, it is the duty of the owner to warn the contractor, and if he does not do this he is liable for resultant injury.'"

*Accord, Williams v. McSwain,* 248 N.C. 13, 102 S.E. 2d 464; *Lee v. Green & Co.,* 236 N.C. 83, 72 S.E. 2d 33; *Revis v. Orr,* 234 N.C. 158, 66 S.E. 2d 652.

A manhole, 8 feet deep, in an area covered with broken concrete and other debris is, without any doubt, a latent danger. Taking plaintiff's evidence as true, and giving him the benefit of every reasonable inference to be drawn therefrom, as we are required to do in passing upon a judgment of nonsuit, *Pridgen v. Uzzell,* 254 N.C. 292, 118 S.E. 2d 755, two questions arise: (1) Is the evidence sufficient to establish that defendant failed to provide devices adequate to give warning of the hole to a reasonably prudent workman? (2) If it is, does it establish plaintiff's contributory negligence so clearly that no other conclusion can be reasonably drawn from it? *Peeden v. Tait,* 254 N.C. 489, 119 S.E. 2d 450.

The covering which defendant had provided for the manhole was made with "inch boards" nailed to 2 x 4's. Between each of these slats was a space an inch and a half wide. This is not the type of cover one would ordinarily expect to find over an 8-foot manhole. Furthermore, it is a fair inference that dust from the broken concrete had sifted through the slats onto the cardboard cover over the hole sufficient to camouflage it and defeat the purpose of the wooden covering. We cannot say, as a matter of law, that defendant had taken reasonably adequate precautions to warn the workmen who, it knew, would be on the floor and who might fall into the hole unless they knew of its presence. Hence, an issue of defendant's actionable negligence arises for the determination of the jury unless plaintiff has proved himself out of court on the issue of contributory negligence.

In its First Further Answer and Defense defendant alleges that plaintiff was contributorily negligent in that (1) before going upon the premises upon which he was to work, plaintiff failed to examine the blueprint which he had in his possession and which disclosed the presence of the manhole, and (2) "he removed a plywood covering and frame which had been placed over the hole and stepped on the cardboard without undertaking to discover what was thereunder or for what purpose it was there."

Plaintiff argues that the slatted covering, at most only 4 inches high, appeared to him to be just another "piece of stuff," *i.e.,* debris, covering the area; that the dusty cardboard did not stand out sufficiently on the rubble-covered floor to attract his attention; that the cardboard itself both constituted and concealed a trap rather than warned of one; and that, as a result, it fell into the hole with him. He further contends that the primary purpose of the blueprint was to show him where to locate the fixtures he had come to install and not to warn of hazards; that at

the time he fell into the hole he had had no need to examine the blue-print.

We can no more say with reference to the issue of contributory negligence than we could as to the issue of negligence that only one conclusion can reasonably be drawn. The determination of both issues must be for the jury.

Since the case goes back for a complete trial we note that in the trial below the court, over objection, permitted defendant's counsel on cross-examination to elicit from plaintiff testimony that he had received Workmen's Compensation benefits. This was error. By statute, G.S. 97-10.2(e), the amount of compensation and other benefits paid to or for the employee on account of the injury for which he is seeking damages is not admissible in evidence in his suit against a third party. *Redding v. Braddy*, 258 N.C. 154, 128 S.E. 2d 147; *Lovette v. Lloyd*, 236 N.C. 663, 73 S.E. 2d 886; *Penny v. Stone*, 228 N.C. 295, 45 S.E. 2d 362. In his cross-examination of plaintiff's doctor, counsel also brought out, over plaintiff's objections, that the doctor had handled plaintiff's case "as a Workmen's Compensation matter" and that plaintiff himself was not at the present time indebted to the doctor for any services rendered. This, too, was error. The obvious purpose of these references to Workmen's Compensation benefits was to reduce the amount of the verdict in the event the case went to the jury.

If the jury should reach the issue of damages, plaintiff will be entitled to recover the amount which will fairly compensate him for his injuries as if he had received no payments under the Workmen's Compensation Act. *Lovette v. Lloyd, supra; Rogers v. Construction Co.*, 214 N.C. 269, 199 S.E. 41. When an injured employee sues a third person in tort for personal injuries, the measure of his damages is unaffected by any Workmen's Compensation benefits he may have received, and any reference to them is ordinarily as improper as would be a reference to the presence or absence of liability coverage for defendant. Evidence both as to liability-insurance coverage, *Electric Co. v. Dennis*, 259 N.C. 354, 130 S.E. 2d 547; *Lytton v. Manufacturing Co.*, 157 N.C. 331, 72 S.E. 1055, Ann. Cas. 1913C, 358, and as to Workmen's Compensation benefits is inadmissible because it is not only irrelevant but also incompetent. This does not, however, mean a double recovery for a plaintiff-employee. The distribution of any recovery is a matter for the Industrial Commission under G.S. 97-10.2(f).

Reversed.