JAMES HENRY JACKSON, AN INFANT BY AND THROUGH HIS NEXT FRIEND, HAROLD D. DOWNING, PLAINTIFF, v. DAVID JONES, JR. AND ABERDEEN AND ROCKFISH RAILROAD COMPANY, DEFENDANTS.

(Filed 28 February, 1968.)

1. Pleadings §§ 2, 7—

The primary function of the pleadings is to state in a plain and intelligible manner facts constituting the grounds of action or defense so that (1) each side may know the other's contentions, (2) the court may understand the controversy, and (3) there be a permanent memorial of the litigation in the record.

2. Trial § 5—

The practice in this State of reading the pleadings to the jury is not a matter of right but is to be determined by the trial court in the exercise of its discretion.

3. Same; Master and Servant § 86—

In an action by an employee against the third party tort-feasors, defendants' allegations as to the concurring negligence of the employer and as to an award received by plaintiff under the Workmen's Compensation Act are properly pleadable, but such allegations as to compensation benefits should not be read in the presence of the jury, and the rulings of the trial court in denying plaintiff's motion to strike the allegations and in suppressing the reading of such allegations to the jury are affirmed.

ON Writ of *Certiorari* to review an Order entered by *Brewer, J.,* November 13, 1967, Civil Session, CUMBERLAND Superior Court.

This action arose out of a collision between a truck and a train at about 11:00 a.m. on October 8, 1964. The truck was owned by Ideal Brick Company, employer, and was being operated in the

course of his employment by the plaintiff James Henry Jackson, employee. The defendant David Jones, Jr. was the engineer on the defendant railroad company's locomotive.

The action is by the plaintiff James Henry Jackson, employee, to recover damages for personal injuries which he alleges are the proximate result of the negligence of the defendants.

The defendants filed answer in which they denied actionable negligence on their part, and in their Second Further Answer and Defense, allege as follows:

"ONE: That on October 8, 1964, plaintiff was regularly employed as a truck driver by Ideal Brick Company, a North Carolina corporation with principal office at Slocumb, North Carolina; that on said date, Ideal Brick Company regularly employed five or more employees, and pursuant to the provisions of Chapter 97 of the General Statutes of North Carolina, entitled 'Workmen's Compensation Act,' plaintiff and Ideal Brick Company were subject to said laws of North Carolina; that on the occasion of the collision described in the complaint, plaintiff was injured by accident while in the course and scope of his employment with Ideal Brick Company."

"Two: That Ideal Brick Company, as plaintiff's employer, had purchased Workmen's Compensation Insurance with Southern Home Insurance Company, which insurance policy was in full force and effect on October 8, 1964, the date of plaintiff's injuries; that by reason of his injuries and expenses resulting from the collision described in the complaint, plaintiff was paid a monetary award by Southern Home Insurance Company, in behalf of Ideal Brick Company, pursuant to the provisions of the North Carolina Workmen's Compensation Act."

THREE: (In substance) That the Ideal Brick Company was negligent in furnishing to the plaintiff a truck with defective brakes.

FOUR: (In substance) That if the defendant was negligent in any respect, that the negligence of Ideal Brick Company combined and concurred with any negligence of the defendant in producing the injuries complained of.

"FIVE: If it should be found by the jury that the above-described negligence of Ideal Brick Company was not the sole proximate cause of the collision and of plaintiff's injuries, then it is alleged, as aforesaid, that said negligence of Ideal Brick

Company combined and concurred with any such negligence of the defendants in producing the collision and plaintiff's resulting injuries and damages, and, at the least, the said negligence of Ideal Brick Company estops and bars Ideal Brick Company and its insurance carrier, Southern Home Insurance Company, from recovering in this action the aforementioned sum of money paid to plaintiff under the provisions of the Workmen's Compensation Act of North Carolina."

The plaintiff filed a motion to strike from the answer all of the allegations contained in the defendant's Second Further Answer and Defense, and in the alternative, prayed that the Court prohibit the reading to the jury of paragraphs One and Two and the portion of paragraph Five referring to the estoppel of Ideal Brick Company and Southern Home Insurance Company from recovering in this action money previously paid to the plaintiff under The Workmen's Compensation Act.

Judge Brewer denied the motion to strike, but entered an order suppressing the reading to the jury or mention to the jury of ·the allegations in paragraphs One and Two and the portion of paragraph Five. The pertinent part of his order is as follows:

"IT IS ORDERED, ADJUDGED AND DECREED that the plaintiff's Motion and Demurrer to the Second Further Answer and Defense of the defendants be, and the same is hereby overruled, but IT IS FURTHER ORDERED that paragraphs One and Two of said Second Further Answer and Defense and all that portion of paragraph Five which commences with line six (line seven as reproduced herein) after the word 'damages,' reading: 'and at the least, the said negligence of Ideal Brick Company estops and bars Ideal Brick Company and its insurance carrier, Southern Home Insurance Company, from recovering in this action the aforementioned sum of money paid to plaintiff under the provisions of the Workmen's Compensation Act of North Carolina,' shall not be read to or brought before the jury on *voir dire* in the trial of this action."

The plaintiff and the defendants excepted to the signing of the Order. The defendants petitioned this Court for Writ of *Certiorari,* and by his answer to the petition, the plaintiff joined the defendants in requesting this Court to review the Order. We allowed *certiorari.*

·      *Rose and Thorp, and Quillin, Russ, Worth and McLeod,* attorneys *for defendant appellants.*

*Anderson, Nimocks and Broadfoot, and McCoy, Weaver, Wiggins, Cleveland and Raper,* attorneys *for plaintiff appellee.*

BROCK, J.   The defendants assign as error that the trial court erred in ordering that certain portions of defendants' Second Further Answer shall not be read to or brought before the jury on *voir dire* in the trial of this action.

The defendants argue that the trial court should have allowed the motion to strike if the pleading is improper; and that since it was not stricken as improper, defendants are entitled to read and explain the pleadings to the jury.

·      The primary function of the pleadings is to state in a plain and intelligible manner the facts constituting the grounds of action or defense, so that (1) each side' of the controversy may know the other's contention and prepare to meet it, that (2) the court may have a clear understanding of the controversy, and that (3) it may go into the record as a permanent memorial of the litigation. McIntosh, North Carolina Practice and Procedure, Second Edition, Vol. 1, p. 522. It is true that the general practice has been for attorneys to read the pleadings in open court in the presence of the jury, after the jury has been empanelled to try the case. But there is no requirement by statute, case law, or rule of court, that the pleadings must be read to the jury. Nor is it provided by any statute, case law, or rule of court, that a party has an unqualified right to read his pleadings to the jury. *Pratt v. Bishop,* 257 N.C. 486, 499, 126 S.E. 2d 597. It might be noted that, effective July 1, 1969, "Unless otherwise ordered by the judge, pleadings *shall not* be read to the jury." (Emphasis added.) General Statutes of North Carolina, Chapter 1A, Article 3, Rule 7 (d).

Our research discloses that numerous opinions of our Supreme Court have referred to a reading of the pleadings in the presence of the jury, but the only case we have found containing a pointed statement is *Privette v. Privette,* 230 N.C. 52, 51 S.E. 2d 925 (1949). In that case the Supreme Court was considering an appeal from an order of the judge affirming an order of the Clerk denying a motion to strike allegations from a motion made to the Clerk. In dismissing the appeal, the Court was pointing out the difference in the attempted appeal, and those appeals which had been allowed for the purpose of reviewing a ruling on a motion to strike from pleadings. The Court said: "The pleadings in a cause raise issues of fact to be decided by a jury, chart the course of the trial and, in large measure,

determine the competency of evidence. They are to be read to the jury. If they contain irrelevant or impertinent averments not competent to be shown in evidence, a refusal to strike might impair or imperil the rights of the adversary party. For this reason this Court has entertained appeals from orders denying motions to strike allegations in pleadings." Obviously this statement concerning the reading of pleadings to the jury was not necessary to the decision of the Court to dismiss the appeal. At most it was in explanation of why appeals from orders denying motions to strike from pleadings had been allowed by the Court. The statement was merely a recognition of the fact of the general practice in the Superior Courts of attorneys reading the pleadings in open court. According to Shepard's North Carolina Citations, *Privette* has never been cited as authority that a party has an unqualified right to read his pleadings to the jury.

We hold that whether the pleadings, or any parts thereof, are to be read in open court in the presence of the jury is a matter to be determined by the trial judge in the exercise of his discretion.

The plea of the concurring negligence of the employer of the plaintiff and the fact of an award under The Workmen's Compensation Act is a proper plea, and the trial court was correct in refusing to strike it. *Poindexter v. Motor Lines*, 235 N.C. 286, 69 S.E. 2d 495; *Essick v. Lexington*, 233 N.C. 600, 65 S.E. 2d 220. Such a plea is necessary to protect the defendants' right to have the issue of the concurring negligence of plaintiff's employer determined; and the plea is necessary for the purpose of bringing before the judge the fact of an award so that the judge can enter a proper judgment on the verdict. But it does not follow that defendants are entitled to read the allegations in question, or explain them, to the jury.

In their brief, defendants seek to distinguish *Spivey v. Wilcox*, 264 N.C. 387, 141 S.E. 2d 808, by pointing out that the statement of facts and the opinion make no mention of the case involving a plea of concurring negligence of plaintiff's employer. An examination of the record on appeal in the *Spivey* case clearly reveals that such a plea was involved. In *Spivey* the following was said with respect to the evidence admitted at trial: "In his cross-examination of plaintiff's doctor, counsel also brought out, over plaintiff's objections, that the doctor had handled plaintiff's case 'as a Workmen's Compensation matter' and that plaintiff himself was not at the present time indebted to the doctor for any services rendered. This, too, was error. The obvious purpose of these references to Workmen's Compensation benefits was to reduce the amount of the verdict in the event the case went to the jury."

To allow the defendants to read in the presence of the jury, or

explain to the jury. on *voir dire,* the allegations of the paragraphs affected by Judge Brewer's Order would create as much mischief as allowing testimony before the jury of the fact of Workmen's Compensation benefits.

The defendants argue strenuously that the jury cannot understand the full import of the issue of concurring negligence unless they can have the fact of the interaction of the Workmen's Compensation benefits explained to them. This argument must fail.

The plaintiff is entitled to have assessed in his action against the third party tort-feasor, if he is entitled to recover at all, a fair compensation for his injuries without regard to any benefits available or paid under Workmen's Compensation. *Spivey v. Wilcox, supra.*

The Order of Judge Brewer is
Affirmed.

MALLARD, C.J., and BRITT, J., concur.