GILBERT KENNEDY, Trading and doing business as Home Furniture
Co. v. F. D. TARLTON

No. 7119DC578

(Filed 15 September 1971)

**Trial § 11— jury argument — reading of portions of pleadings**
    The trial court did not err in allowing counsel for plaintiff, over
defendant's objection, to read in his argument to the jury portions of
the final pleadings upon which the case was tried. G.S. 84-14.

APPEAL by defendant from *Hammond, District Judge,* 19
February 1971 Session of District Court held in RANDOLPH
County.

This is a civil action wherein the plaintiff Gilbert Kennedy,
trading and doing business as Home Furniture Co., seeks to
recover $537.91, the balance allegedly due by defendant on the
purchase price of certain items and articles of furniture.

The plaintiff offered evidence tending to show that on 18
December 1962 defendant purchased from John U. Kennedy,
trading and doing business as Home Furniture Co., furniture
and carpeting for a total price of $1,122.60. The defendant at
the time of purchase executed a conditional sales contract which
was identified and introduced into evidence as plaintiff's Ex-
hibit A. On 1 October 1968, plaintiff purchased the furniture
business from his father, and defendant's unpaid installment
account was assigned to plaintiff. The assignment of the ac-
count was made on the reverse side of the conditional sales
contract, Exhibit A.

Defendant's payments on the account were entered on a
ledger sheet which was identified and introduced as plaintiff's
Exhibit B.

Defendant, in his answer, denied the indebtedness and
offered evidence tending to show that he purchased from plain-
tiff's father, John U. Kennedy, a certain house and lot in Octo-
ber 1962. Defendant contended that the house did not contain
carpeting in living room, hall and den, in accordance with the
terms of the purchase agreement, and that he is not therefore
indebted to plaintiff for the price of the carpet.

Defendant admitted execution of the conditional sales con-
tract and making the payments credited to the account.

The following issues were submitted to and answered by the jury as indicated:

"1. Did the defendant purchase furniture from John U. Kennedy, trading as Home Furniture Company, as alleged?

Answer: Yes.

2. Was said sale under a conditional sales agreement executed by the parties, as alleged?

Answer: Yes.

3. Was this account and conditional sales agreement assigned by John U. Kennedy to Gilbert Kennedy, as alleged?

Answer: Yes.

4. Is the defendant in default of the payments agreed between the parties, as alleged?

Answer: Yes.

5. In what amount, if any, is the defendant indebted to the plaintiff?

Answer: $537.91."

From judgment entered on the verdict defendant appealed.

*H. Wade Yates and John N. Ogburn, Jr., for plaintiff appellee.*

*Ottway Burton for defendant appellant.*

HEDRICK, Judge.

By his first assignment of error, defendant contends the court committed prejudicial error in not sustaining his objection to plaintiff's counsel's reading portions of the amended pleadings in his argument to the jury.

In jury trials the whole case as well of law as of fact may be argued to the jury. G.S. 84-14; *Brown v. Vestal*, 231 N.C. 56, 55 S.E. 2d 797 (1949).

The trial judge has large discretion in controlling and directing the argument of counsel, but this does not include the right to deprive a litigant of the benefit of counsel's argument when it is confined to the proper bounds and is addressed to

---

material facts of the case. *Puett v. Railroad*, 141 N.C. 332, 53 S.E. 852 (1906).

We hold that the court did not commit prejudicial error by allowing counsel for plaintiff, over defendant's objection, to read portions of the final pleadings upon which the case was tried in his argument to the jury. *Jackson v. Jones*, 1 N.C. App. 71, 159 S.E. 2d 580 (1968). This assignment of error is without merit.

We have carefully considered defendant's three remaining assignments of error and find them to be without merit.

In the trial below we find no prejudicial error.

No error.

Chief Judge MALLARD and Judge CAMPBELL concur.