BARBARA C. FRUGARD v. CALVIN LEE PRITCHARD, WILLIAM MASTORAS, T/A M & M PRODUCE COMPANY, DANIEL FOSTER, AND WILSON PEST CONTROL, INC.

No. 479PA93

(Filed 9 December 1994)

**Evidence and Witnesses § 254 (NCI4th)— negligence action— workers' compensation payments in Virginia—admissible**

There was no prejudicial error in the exclusion of evidence of Virginia workers' compensation payments from a negligence

action arising from an accident in which plaintiff-pedestrian was struck by a station wagon driven by defendant Pritchard after Pritchard collided with a pick-up truck driven by defendant Foster. Evidence of out-of-state workers' compensation payments is admissible in actions against third parties and the court must instruct the jury that the amount of the workers' compensation payments will be deducted from the amount of damages awarded the plaintiff. However, there was no prejudice from the exclusion of that evidence in this case because defendants objected to its admission and, while defendants contend that this was not invited error because the case was tried on the theory that the evidence would not be admitted and this assumption effected their trial strategy, defendants did not show a prejudicial effect. Defendants had the chance to put the evidence before the jury, but refused to do so and cannot now complain.

**Am Jur 2d, Damages §§ 566 et seq.; Evidence § 481.**

**Prejudicial effect of bringing to jury's attention fact that plaintiff in personal injury or death action is entitled to workers' compensation benefits. 69 ALR4th 131.**

On discretionary review pursuant to N.C.G.S. § 7A-31 of a unanimous decision of the Court of Appeals, 112 N.C. App. 84, 434 S.E.2d 620 (1993), reversing the judgment entered 23 August 1991 by Rousseau, J., in Superior Court, Forsyth County and remanding for a new trial. Heard in the Supreme Court 9 May 1994.

The plaintiff brought this action for damages as a result of injuries she received in an accident in Winston-Salem, North Carolina. The evidence showed the plaintiff was a pedestrian, standing on the sidewalk at an intersection. The defendant Calvin Lee Pritchard, who was driving a station wagon owned by the defendant William Mastoras and in the scope of his employment by Mastoras, collided with a pickup truck driven by the defendant Daniel Foster within the scope of his employment for the defendant Wilson Pest Control, Inc. As a result of the collision, the vehicle driven by Pritchard crossed the curb and struck the plaintiff.

Prior to the trial of the case, the plaintiff made a motion *in limine* to prohibit any mention at the trial that she, as a resident of Virginia, had received worker's compensation payments in Virginia. The court granted this motion. When the plaintiff's last witness had completed his testimony, the plaintiff withdrew her motion *in limine* and offered

into evidence the fact that she had received worker's compensation payments in Virginia. The defendants objected to this testimony on the ground that the case had been tried based on the court's ruling that the evidence should be excluded. Several key witnesses had been released and were not available for further cross-examination and the defendants argued that it would be unfair to them for the evidence of worker's compensation payments to be admitted under these circumstances. The court sustained the defendants' objection.

The jury answered the issues favorably to the plaintiff and awarded her $700,000.00 in damages. The Court of Appeals overruled two assignments of error by the defendants, but held it was reversible error to allow the plaintiff's motion *in limine* to exclude evidence that she had received worker's compensation payments in Virginia. We allowed the plaintiff's petition for discretionary review.

*Clark & Stant, P.C., by Stephen C. Swain, for plaintiff-appellant.*

*Tuggle Duggins & Meschan, P.A., by J. Reed Johnston, Jr. and Denis E. Jacobson, for William Mastoras, t/a M & M Produce Company, defendant-appellee.*

*Womble Carlyle Sandridge & Rice, by Clayton M. Custer, for Daniel Foster and Wilson Pest Control, Inc., defendants-appellees.*

WEBB, Justice.

We agree with the Court of Appeals that it was error to exclude evidence of the worker's compensation payments made to the plaintiff in Virginia. The accident occurred in North Carolina and the substantive law of this state governs. *Braxton v. Anco Electric Inc.*, 330 N.C. 124, 409 S.E.2d 914 (1991). The law of the forum, in this case North Carolina, governs as to the admissibility of evidence. *Transportation, Inc. v. Strick Corp.*, 283 N.C. 423, 196 S.E.2d 711 (1973). 1 Brandis and Broun, *North Carolina Evidence* § 1 (4th ed. (1993). The defendants argue that N.C.G.S. § 97-10.2(e) applies to this case and it makes the evidence admissible. That section says in part, "[t]he amount of compensation . . . paid or payable on account of such injury or death shall be admissible in evidence in any proceeding against the third party." The plaintiff argues, relying on *Leonard v. Johns-Manville Sales Corp.*, 309 N.C. 91, 305 S.E.2d 528 (1983), that this section does not apply.

## FRUGARD v. PRITCHARD

[338 N.C. 508 (1994)]

We held in *Johns-Manville* that N.C.G.S. § 97-10.2(e) did not apply in that case so that the defendant could not assert a certain defense to a wrongful death claim when the defense was based on a worker's compensation payment under the law of another state. We said that this section applied only to worker's compensation claims made under the laws of this state. We held, however, that the defense could be asserted, based on the common law of this state.

The plaintiff argues, based on our holding in *Johns-Manville*, that N.C.G.S. § 97-10.2(e) does not apply to worker's compensation claims paid in other states and that this section does not allow the admission of this evidence. She argues that we must look to the case law in this state to determine the admissibility of the evidence and that *Spivey v. Wilcox Company*, 264 N.C. 387, 141 S.E.2d 808 (1965), makes this evidence inadmissible.

In *Spivey*, a case decided before N.C.G.S. § 97-10.2(e) was amended to allow the admission of evidence of worker's compensation payments in an action against a third party, we interpreted the section to hold that such evidence was not admissible. *Spivey* has now been overruled by the amendment to this section. The plaintiff argues that *Spivey* is still viable in cases involving out-of-state worker's compensation claims because the section does not apply to such claims.

*Spivey* does not govern because N.C.G.S. § 97-10.2(e) applied in that case and it does not apply in this case. The question we face in this case is whether we should hold that under our case law, evidence of out-of-state worker's compensation payments is not admissible when by statute evidence of in-state payments is admissible. We can see nothing in the distinction between these two situations that makes a difference. We believe we should have a uniform rule. We hold that evidence of out-of-state worker's compensation payments is admissible in actions against third parties. N.C.G.S. § 97-10.2(e) provides that when evidence of worker's compensation payments is introduced in an action against a third party, the court must instruct the jury that the amount of the worker's compensation payments will be deducted from the amount of the damages awarded the plaintiff. In order to put evidence of worker's compensation payments introduced under the rule of this case on the same footing with evidence which is introduced pursuant to N.C.G.S. § 97-10.2(e), we hold that the court must give the same instruction in cases in which such evidence is introduced under the rule of this case.

## FRUGARD v. PRITCHARD

[338 N.C. 508 (1994)]

Although we hold that it was error not to have admitted evidence of the worker's compensation payments in Virginia, we also hold this was invited error which does not require a new trial. A party may not complain of action which he induced. *Brown v. Griffin*, 263 N.C. 61, 138 S.E.2d 823 (1964); *Darden v. Bone*, 254 N.C. 599, 119 S.E.2d 634 (1961). In this case, the plaintiff's motion *in limine* was granted to exclude evidence of the Virginia worker's compensation payments. Later in the trial, the plaintiff tendered this evidence and the defendants objected to its admission and the objection was sustained. The defendants cannot now complain of the exclusion of the evidence when they objected to its admission.

The defendants contend that the circumstances under which they objected to the testimony did not invite error. They say that the case was tried on the theory that the evidence would not be admitted and this assumption caused them to use a strategy they would not have used if they had known the evidence of worker's compensation would be admitted. The defendants say the plaintiff tendered this evidence as she finished her testimony and it would not have been fair to them to admit it at that time, giving them the right to object without inviting error.

The defendants say that the plaintiff tried the case on the theory that plaintiff had been a hardworking person all her life who would find work if she were physically able to do so. She had several witnesses who testified to this effect. She also introduced evidence that she had been devastated financially by the accident. The plaintiff also had a witness who testified she was attempting to locate a job for her at a charge of $57.00 per hour. The defendants say that by not letting the jury know that plaintiff was receiving worker's compensation payments of $344.00 per week and the job hunter was being paid by the compensation carrier, they could not show the plaintiff was malingering and she was not hurt as much as she claimed.

The difficulty with the defendants' argument is that they have not shown how the trial strategy was such that the introduction of the evidence of the worker's compensation payments would have not been of as much benefit to defendants if introduced when the plaintiff tendered it as it would have been if offered earlier in the trial. The defendants had a chance to put the evidence to the jury, but refused to do so. They cannot now complain.

For the reasons stated in this opinion, we reverse the Court of Appeals and remand to that court for remand to Superior Court,

**FRUGARD v. PRITCHARD**

[338 N.C. 508 (1994)]

Forsyth County for the reinstatement of the judgment entered in superior court.

REVERSED AND REMANDED.