IN THE SUPREME COURT OF NORTH CAROLINA

No. 79A24

Filed 21 March 2025

CAROL SPERRY SMITH

v.

DALE PRESTON SMITH

Appeal pursuant to N.C.G.S. § 7A-30(2) (2023) from the decision of a divided panel of the Court of Appeals, 292 N.C. App. 443 (2023), affirming an equitable distribution judgment and order entered on 31 August 2022 by Judge Lee F. Teague in District Court, Pitt County. Heard in the Supreme Court on 29 October 2024.

*W. Gregory Duke for plaintiff-appellant.*

*Jon G. Nuckolls for defendant-appellee.*

ALLEN, Justice.

This case arises from the dissolution of the parties' marriage. A divided panel of the Court of Appeals affirmed the trial court's equitable distribution order classifying a tract of land as the separate property of defendant Dale Preston Smith. In asking this Court to reverse the decision of the Court of Appeals, plaintiff Carol Sperry Smith points to pretrial stipulations that designated the disputed parcel as marital property. According to plaintiff, because the trial court never ruled on defendant's motion to set aside the stipulations, they remained binding on the parties and the court. As explained below, any departure from the procedures for resolving

such motions came at plaintiff's invitation. Consequently, plaintiff cannot cite the trial court's purported error as the basis for a new equitable distribution hearing. We therefore affirm the decision of the Court of Appeals, though we do not adopt its reasoning.

The parties wed on 1 June 2002 and remained together until their separation on 28 January 2018. Nearly one month after their separation, plaintiff filed a complaint against defendant in the District Court, Pitt County, seeking a divorce from bed and board, post-separation support, alimony, equitable distribution, and attorneys' fees.[1] Defendant filed an answer and counterclaim, also asking for a divorce from bed and board and equitable distribution.

As in many divorce cases, the parties disagreed over the classification or value of various properties. The specific property at issue in this appeal is a parcel located at 4080 Racetrack Road in Grifton, North Carolina (Racetrack Road). Defendant purchased Racetrack Road before the parties' marriage.

On 14 January 2019, the parties signed and filed stipulations with the trial court concerning two pieces of real property: Racetrack Road and the parties' marital residence. The stipulations described both properties as "marital property" and valued Racetrack Road at $46,563.00 and the marital residence at $247,011.00.

On 2 August 2022, defendant filed a motion to strike and set aside the parties'

---

[1] This Court need only address the parties' equitable distribution motions. Plaintiff's other motions are not at issue in this appeal.

stipulations "due to mistake." In his motion, defendant asserted that: (1) he was the sole owner of Racetrack Road; (2) he owned Racetrack Road before the parties' marriage; (3) the parties mortgaged Racetrack Road to purchase the marital residence; (4) he never conveyed any part of Racetrack Road to plaintiff; (5) Racetrack Road remained his separate property throughout the parties' marriage; and (6) classifying Racetrack Road as marital property would be inequitable.

During a pretrial conference on 29 August 2022, the trial court considered the parties' proposed pretrial order. The draft order "stipulated to certain facts relative to the issues to be tried." Schedule E of the draft order listed Racetrack Road as property over which the parties disagreed as to classification. According to Schedule E, plaintiff contended that Racetrack Road was a mixed asset, whereas defendant maintained that it was his separate property. The parties agreed on the value of Racetrack Road, which they continued to assess at $46,563.00. The trial court approved the pretrial order.

The equitable distribution hearing commenced immediately thereafter. During his opening statement, plaintiff's attorney made the following comments:

> [O]n January the 14th, 2019, there were stipulations entered into in relationship to . . . the former marital residence, and the 4080 Racetrack Road property . . . stipulating to the value of those two parcels of property.
> Now, [defendant's trial counsel] has recently, as he indicated, recently filed a motion to strike and set aside the stipulations. That was filed on August the 2nd, 2022. *I'm fine with the [c]ourt just hearing the evidence and considering those motions or that motion in relation to those stipulations during this trial.*

(Emphasis added.)

On 31 August 2022, the trial court entered its equitable distribution order. The trial court "accept[ed]" the parties' Schedule E, classified Racetrack Road as defendant's separate property, and distributed the property to defendant. The order contained no findings of fact or conclusions of law expressly addressing defendant's motion to set aside the 14 January 2019 stipulations. Plaintiff appealed the trial court's equitable distribution order on 28 September 2022.

A divided panel of the Court of Appeals affirmed the trial court's order on 20 February 2024. *Smith v. Smith*, 292 N.C. App. 443, 456 (2024). The majority rejected plaintiff's argument that "the trial court erred in disregarding the parties' stipulation on 14 January 2019 classifying . . . Racetrack Road as marital property . . . because the stipulation was never set aside by the trial court." *Id.* at 448. In the majority's view, the parties' later stipulation in Schedule E of the pretrial order showed that plaintiff and defendant did not, in fact, agree that Racetrack Road was marital property. *Id.* at 449.

The dissenting judge concluded that "the trial court's calculation of the division of marital property [was] incorrect due to the failure to account for the Racetrack Road property as marital property." *Id.* at 458 (Arrowood, J., dissenting). He agreed with plaintiff that the trial court remained bound by the 14 January 2019 stipulations because "the trial court never entered an order ruling on the motion, nor did [it] make any findings or conclusions regarding the motion in its 31 August 2022 judgment and

order." *Id.* at 457. The dissenting judge expressed concern that the majority's decision would "undercut[ ] our case law with respect to setting aside stipulations through a 'direct proceeding' and permit[ ] lower courts to relieve parties of binding stipulations without following proper procedures." *Id.* at 458 (quoting *Moore v. Richard W. Farms, Inc.*, 113 N.C. App. 137, 141 (1993)).

On 25 March 2024, plaintiff filed a notice of appeal based on the dissent in the Court of Appeals. Since this case was pending at the Court of Appeals before the repeal of N.C.G.S. § 7A-30(2), the dissent triggered a right of appeal to this Court under that statute. *See* Current Operations Appropriations Act of 2023, S.L. 2023-134, § 16.21(d)–(e),

https://www.ncleg.gov/Sessions/2023/Bills/House/PDF/H259v7.pdf.

"Equitable distribution is governed by [N.C.G.S.] § 50-20 . . . , which requires the trial court to conduct a three-step process: (1) classify property as being marital, divisible, or separate property; (2) calculate the net value of the marital and divisible property; and (3) distribute equitably the marital and divisible property." *Brackney v. Brackney*, 199 N.C. App. 375, 381 (2009). "A trial court's determination that specific property is to be characterized as marital, divisible, or separate property will not be disturbed on appeal if there is competent evidence to support the determination." *Id.* (cleaned up). Competent evidence is "evidence that a reasonable mind might accept as adequate to support the finding." *In re J.M.*, 384 N.C. 584, 591 (2023) (cleaned up). "Ultimately, the court's equitable distribution award is reviewed for an abuse of

discretion and will be reversed 'only upon a showing that it [is] so arbitrary that it could not have been the result of a reasoned decision.' " *Brackney*, 199 N.C. App. at 381 (quoting *White v. White*, 312 N.C. 770, 777 (1985)); *see also Wiencek-Adams v. Adams*, 331 N.C. 688, 691 (1992) ("Equitable distribution is vested in the discretion of the trial court and will not be disturbed absent a clear abuse of that discretion.").

In her brief to this Court, plaintiff argues primarily that the trial court's classification of Racetrack Road as defendant's separate property in its distribution order "was not based on competent evidence and was erroneous as a matter of law because the [14 January 2019 stipulations] had not been set aside by the trial court and [were] therefore binding on the parties and the trial court." In support of her position, plaintiff asserts:

> [T]here was no evidence presented at the trial to set [the 14 January 2019 stipulations] aside, there was no argument made at the trial to set [them] aside, there were no findings made by the trial court relating to setting aside the 14 January 2019 [s]tipulation[s], and there was no order entered by the trial court setting [them] aside.

"A stipulation is an agreement between the parties establishing a particular fact in controversy." *Smith v. Beasley*, 298 N.C. 798, 800 (1979); s*ee also Rural Plumbing & Heating, Inc. v. H.C. Jones Constr. Co.*, 268 N.C. 23, 31 (1966) (noting that parties to a case "may, by stipulation or judicial admission, establish any material fact which has been in controversy between them"). "While a stipulation need not follow any particular form, its terms must be definite and certain in order to afford a basis for judicial decision, and it is essential that they be assented to by

the parties or those representing them." *State v. Powell*, 254 N.C. 231, 234 (1961) (superseded on other grounds by statute) (cleaned up).

"The effect of a stipulation is to eliminate the necessity of submitting that issue of fact to the jury." *Beasley*, 298 N.C. at 800. In other words, stipulations can promote judicial economy by narrowing the factual issues that must be resolved by the jury in a jury trial or by the trial court in a bench trial.

While a stipulation remains in place, the parties are "bound by it and . . . may not thereafter take an inconsistent position," *Rural Plumbing*, 268 N.C. at 31, though "[s]tipulations may be set aside in certain circumstances." *Plomaritis v. Plomaritis*, 222 N.C. App. 94, 106 (2012). The Court of Appeals has aptly summarized the procedural and substantive principles that govern the setting aside of stipulations:

> A party to a stipulation who desires to have it set aside should seek to do so by some direct proceeding, and, ordinarily, such relief may or should be sought by a motion to set aside the stipulation in the court in which the action is pending, on notice to the opposite party. Application to set aside a stipulation must be seasonably made; delay in asking for relief may defeat the right thereto. Whether a motion is seasonably made . . . cannot be determined with mathematical precision.
>   It is generally recognized that it is within the discretion of the court to set aside a stipulation of the parties relating to the conduct of a pending cause, where enforcement would result in injury to one of the parties and the other party would not be materially prejudiced by its being set aside. A stipulation entered into under a mistake as to a material fact concerning the ascertainment of which there has been reasonable diligence exercised is the proper subject for relief. Other proper justifications for setting aside a stipulation include: misrepresentations as to material facts, undue influence, collusion, duress, fraud,

and inadvertence.

*Lowery v. Locklear Constr.*, 132 N.C. App. 510, 513–14 (1999) (cleaned up).

Although defendant moved to set aside the 14 January 2019 stipulations, the record nowhere indicates that the trial court ruled on the motion in any direct proceeding. Nor did the court dispose of the motion either during or after the equitable distribution hearing.

The Court of Appeals majority apparently concluded that the trial court implicitly invalidated the 14 January 2019 stipulations when it accepted Schedule E of the pretrial order. We are unpersuaded. Schedule E noted the parties' disagreement over the classification of Racetrack Road, as well as their agreement on the property's value. With respect to the classification issue, it seems to us that by accepting Schedule E the trial court may have intended merely to acknowledge the existence of a dispute between the parties. If so, the acknowledgment did not amount to a ruling on the validity of the 14 January 2019 stipulations.

We need not decide, however, whether the Court of Appeals majority correctly understood the significance of Schedule E. To the extent the trial court erred by not ruling on defendant's motion to set aside, plaintiff invited the error.

"Invited error is not ground for a new trial." *State v. Payne*, 280 N.C. 170, 171 (1971). We invoked the invited error doctrine in *Frugard v. Pritchard*, 338 N.C. 508 (1994), a personal injury case. There, the plaintiff attempted to introduce evidence of worker's compensation payments made to her in Virginia, her home state. *Frugard*,

338 N.C. at 512. The defendants objected, and the trial court sustained the objection. *Id.* The jury subsequently awarded the plaintiff $700,000.00 in damages. *Id.* at 510. On appeal, and contrary to their position at trial, the defendants argued that the trial court should have admitted the worker's compensation evidence. *Id.* at 512. Despite agreeing with the defendants, this Court ruled against them, explaining that "[t]he defendants [could not] complain of the exclusion of the evidence when they objected to its admission [at trial]." *Id.*

Similarly, in this case, plaintiff "may not complain of [the] action which [she] induced." *Id.* As recounted above, plaintiff's attorney expressly invited the trial court to proceed with the equitable distribution hearing even though no direct proceeding had been held to consider defendant's motion to set aside: "*I'm fine with the* [c]*ourt just hearing the evidence and considering those motions or that motion in relation to those stipulations during this trial.*" (Emphasis added.) Under the invited error doctrine, plaintiff may not turn the trial court's acceptance of her attorney's invitation into the basis for a new equitable distribution hearing.[2]

Plaintiff also argues in her brief to this Court that no competent evidence supports the trial court's finding that she "contributed none of her own monies toward the marital home." According to plaintiff, the finding is erroneous because (1) the

---

[2] To be sure, defendant also bears responsibility for the trial court's failure to rule on his motion to set aside the 14 January 2019 stipulations. After filing the motion, he seems not to have pressed the court to consider it. The invited error doctrine does not work to his disadvantage, however, because he is not the party challenging the trial court's classification of Racetrack Road.

parties stipulated on 14 January 2019 that Racetrack Road was marital property and (2) some of the funds used to construct the marital home came from a home equity line of credit secured by Racetrack Road. Having declined to upset the trial court's classification of Racetrack Road as defendant's separate property, we must also reject this argument.

We affirm the decision but not the reasoning of the Court of Appeals. The invited error doctrine bars plaintiff from obtaining a new equitable distribution hearing based on the failure of the trial court to rule on defendant's motion to set aside the 14 January 2019 stipulations.

MODIFIED AND AFFIRMED.