YVONNE BRYANT v. MARJORIE MARIE RUSSELL AND PAUL HOWARD RUSSELL.

(Filed 2 March, 1966.)

**1. Evidence § 51—**

The court properly refuses to permit an expert to answer hypothetical questions when at the time some of the material facts stated as the basis of the hypothesis are not in evidence.

2. Same—

   Where an expert has left the courtroom and is not available for cross-examination, it is not error for the court to refuse to permit his answer to a hypothetical question, put in the record in the absence of the jury, to be read to the jury, regardless of whether at that time all of the facts stated in the hypothesis were properly in evidence.

3. Same—

   An expert may not, on the basis of his examination of a party, give his opinion as to injuries the party had sustained in a collision some three months prior to the examination, which collision the witness did not observe.

4. Appeal and Error § 46—

   The denial of a motion to set aside the verdict on the ground that it was contrary to the greater weight of the evidence will not be disturbed in the absence of a showing of abuse.

5. Trial § 37—

   An exception to the statement of the contentions will not be sustained when the matter is not called to the attention of the trial court in apt time.

MOORE, J., not sitting.

APPEAL by plaintiff from *Clark, S.J.,* Regular October 1965 Session of CRAVEN.

This is an action for damages for personal injuries alleged to have been sustained by the plaintiff when the city bus, upon which she was a passenger, was struck by an automobile owned by the defendant Paul Howard Russell, and driven by the defendant Marjorie Marie Russell, his sister and alleged agent. The complaint alleges that Marjorie Marie Russell was negligent in that she drove the automobile into the intersection, where the collision occurred, without first bringing it to a stop in obedience to a stop sign erected at the intersection and facing her as she entered it. It is alleged that, as a result of the collision, the plaintiff was thrown from her seat upon the bus and injured. Each defendant filed an answer denying negligence by Marjorie Marie Russell, denying that she was the agent of the defendant Paul Howard Russell, and denying injury to the plaintiff.

The jury found that the plaintiff was injured by the negligence of the defendant Marjorie Marie Russell, as alleged in the complaint, that Marjorie Marie Russell was the agent of the defendant Paul Howard Russell, and that the amount of damages which the plaintiff was entitled to recover was $212.50. From a judgment entered in accordance with the verdict the plaintiff appeals. She assigns as error the denial of her motion to set the verdict aside on the ground that the answer to the third issue was against the greater weight of the evidence, the denial of her motion for a new

trial, a portion of the court's charge to the jury concerning the contentions of the defendants, and the action of the court in sustaining objections by the defendants to questions propounded by the plaintiff to her witness, Dr. John Baggett, a medical expert.

Dr. Baggett was the first witness called at the trial. He testified that he examined the plaintiff on 3 August 1964, which was approximately three months after the accident. He testified that she then told him that she had been involved in an automobile accident in the first week of May; that she had been knocked out of the seat of the bus when a car ran into it; that she landed on her buttocks and immediately experienced pain in her leg, lower back and neck, and that she continued to have pain at the time she came to see him. He then testified as to conditions which he observed at the time of his examination and as to treatment prescribed by him. Thereupon Dr. Baggett was asked a hypothetical question, proper in form, predicated upon the assumptions that the jury would find by the greater weight of the evidence certain facts. Upon these assumptions, the question called for the opinion of the witness as to whether or not the accident in which the plaintiff was involved on 6 May 1964 could have produced the injuries of which she complained. The court sustained an objection by the defendants on the ground that there was no evidence at that stage of the trial to serve as the basis for the question. In the absence of the jury, the answer which the witness would have given was placed in the record.

The witness was then asked, "Now, Doctor, based on your examination of this patient can you give me your medical opinion as to the injuries she sustained?" The defendants' objection was sustained.

The witness then testified briefly on cross-examination as to the plaintiff's condition as observed by him at the time of his examination. Apparently, he was then excused and was not recalled. The plaintiff then called other witnesses who testified concerning the occurrence, and she testified in her own behalf as to how it occurred and as to the injuries she sustained. At the close of the plaintiff's evidence, she moved that the answer given by Dr. Baggett in the absence of the jury to the above mentioned hypothetical question be read to the jury. The court denied this motion.

*Kennedy W. Ward for plaintiff appellant.*
*Barden, Stith, McCotter & Sugg for defendant appellees.*

PER CURIAM. In *Ingram v. McCuiston*, 261 N.C. 392, 134 S.E. 2d 705, this Court said: "To be competent, a hypothetical question may include only facts which are already in evidence or those which

the jury might logically infer therefrom." See also: *Jackson v. Stancil*, 253 N.C. 291, 303, 116 S.E. 2d 817; Stansbury, North Carolina Evidence, § 137. The hypothetical question propounded to Dr. Baggett included facts as to which there was no evidence then in the record. Consequently, the objection was properly sustained. It was also proper to deny the motion that his answer, put into the record in the absence of the jury at the time the question was originally asked, be read at the close of the plaintiff's evidence. At that time Dr. Baggett had left the courtroom and was not available for cross-examination. It is not necessary to determine whether the evidence offered by the plaintiff in the meantime would have made such a question proper had Dr. Baggett been recalled as a witness.

There was no error in sustaining the objection to the second question propounded to Dr. Baggett. It did not call for his statement of the plaintiff's condition at the time of his examination or as to what could have been the cause thereof. It called for his opinion as to the injuries she sustained in the collision which occurred three months prior to his examination of the plaintiff, which collision the witness did not observe. Stansbury, North Carolina Evidence, § 136.

The motion to set aside the verdict on the ground that the jury's answer to the issue of damages was contrary to the greater weight of the evidence was addressed to the discretion of the trial judge. *Nance v. Long,* 250 N.C. 96, 107 S.E. 2d 926; *Lamm v. Lorbacher,* 235 N.C. 728, 71 S.E. 2d 49; Strong, N. C. Index, Appeal and Error, § 46. His decision is not reviewable except upon a showing of abuse of discretion, which does not appear upon this record.

The record does not show that the plaintiff called to the attention of the trial judge any error in his summary of the contentions of the parties set forth in his charge to the jury. Consequently, this assignment of error can not be sustained. *Rudd v. Stewart,* 255 N.C. 90, 120 S.E. 2d 601; Strong, N. C. Index, Trial, § 35.

No other ground being advanced for the motion for a new trial, it was, presumably, based upon the above assignments of error and was, therefore, properly overruled.

No error.

MOORE, J., not sitting.