CITY OF DURHAM, Petitioner, v. EASTERN REALTY COMPANY, RONALD A. BRUNSON and Wife, YOALDER K. BRUNSON, Respondents.

(Filed 20 June, 1967.)

**1. Eminent Domain § 11—**

Where property subject to a leasehold estate is condemned and appeal from the appraisal of the commissioners is taken to the Superior Court, it is discretionary with the Superior Court whether to permit a separate trial to ascertain the compensation due lessees, and the action of the court in refusing to permit separate trials to ascertain the amount due the owners and the amount due the lessees will not be disturbed in the absence of a showing of abuse.

**2. Eminent Domain § 14—**

Where land subject to a leasehold estate is condemned, lessees are not entitled to recover their damage without regard to the owner's recovery, but it is proper for the jury to fix the total value of the property and then ascertain what part of such total value should be awarded the lessees for the condemnation of their leasehold estate, although the fact that the property is rented advantageously, or, on the other hand is unrented, is a factor to be considered in the determination of its fair market value.

**3. Trial § 37—**

The fact that the court necessarily takes more time in stating the contentions of one party than in stating the contentions of the other is not alone ground for complaint.

**4. Appeal and Error § 20—**

A defendant may not complain on appeal of an error favorable to himself, or matter prejudicial solely to a co-defendant.

**5. Appeal and Error § 42—**

A statement in the charge which could not have possibly misled the jury will not be held for prejudicial error.

**6. Eminent Domain § 14—**

A charge that the amount lessees were entitled to recover for the condemnation of their leasehold estate would be the difference between the fair market value of the lease for the remainder of the term and the amount of rent stipulated in the lease, *held* not prejudicial error.

**7. Appeal and Error § 41—**

Exception to the admission of certain testimony cannot be sustained when the same witness has theretofore testified to substantially the same effect without objection.

**8. Appeal and Error § 1—**

The verdict of the jury upon conflicting evidence is conclusive in the absence of error of law in the trial.

APPEAL by Respondents Brunson from *Latham, S.J.,* Special December 1966 Civil Term, DURHAM County Superior Court.

Pursuant to the authority of Chapter 40 of the General Statutes, the City of Durham instituted these condemnation proceedings on 15 April 1966. The City seeks to acquire for an expressway property owned by Eastern Realty Company (the owner) and leased to Ronald A. Brunson and wife, Yoalder K. Brunson (the lessees). It consists of a large brick building in which the lessees operate an appliance store; the lot upon which it is located has approximately 136 feet frontage on Chapel Hill Street in the City of Durham with a depth of about 155 feet.

In November 1961 the property was leased by the owners to the lessees for a period expiring 31 December 1971. At that time the lessees expended a substantial sum in improving the property, as did the owners. The lessees have complied with the terms of the lease by payment of the rent.

The City requested the appointment of commissioners to appraise the property; upon their report the clerk signed judgment affirming it, and from it the owners and the lessees appealed to the superior court.

When the case was called for trial, the lessees sought a separate trial upon the theory that there was a conflict of interest between them and the owner. It was their position that since the lease had some five years to run that it had a major financial value, not limited to the value of the freehold, and that they were entitled to an award in accordance with this theory. The motion was denied, and the lessees excepted.

The City offered the testimony of two real estate men who were experienced appraisers. One gave it as his opinion that the market value of the property was some $93,000, which included an estimate of $4,200 as the fair market value of the lessees' interest. The other witness offered by the City gave it as his opinion that the fair market value of the property was $94,000.

The owner's evidence tended to show through four witnesses that the reasonable market value of the property was $134,000, $125,000, $146,000 and $135,000, respectively. The same witnesses placed an average estimated value of the lessees' interest in the property at about $4,200.

The lessee testified that the fair market value of the unexpired term of their lease was $125,440. Another witness for the lessees, Frank Erwin, gave it as his opinion that the value of the lessees' interest was $95,820. Still another witness placed a value of $94,930.

The lessees offered evidence tending to show that when they leased the property in 1961 that some $20,000 was spent on improving and modernizing it, that their sales have steadily increased each

year and now total more than a half million dollars a year, and that to obtain property of equal advantages, they would have to pay approximately $25,000 a year as compared with the present rental of $7,500 a year.

At the conclusion of the evidence the lessees tendered the following issues and excepted when the court rejected them:

"1.   What amount is the Eastern Realty Company entitled to recover of the petitioner, City of Durham?

"Answer:   ....................

"2.   What amount are the respondents, Ronald Brunson and wife, Yoalder K. Brunson, entitled to recover cf the petitioner, City of Durham?

"Answer:   ....................

The following issues and answers comprise the verdict:

"1.   What total sum are the respondents, Eastern Realty Company and Ronald A. Brunson and wife, Yoalder K. Brunson, entitled to recover of the petitioner, City of Durham, for the taking of the property described in the petition?

"Answer:   $112,500.00.  ·

"2.   What part, if any, of the above total sum awarded are the respondents, Ronald A. Brunson and wife, Yoalder K. Brunson, entitled to recover?

"Answer:   $8,000.00.

Judgment was signed in accordance with the verdict, at which time both respondents gave notice of appeal, but only the lessees perfected their appeal.

*Bryant, Lipton, Bryant & Battle by James B. Maxwell, F. Gordon Battle and Victor S. Bryant, Attorneys for Respondent Appellants Brunson.*

*Claude V. Jones and S. F. Gantt, Attorneys for Petitioner Appellee, City of Durham.*

*Spears, Spears & Barnes by Marshall T. Spears; Haywood, Denny & Miller by Egbert L. Haywood, Attorneys for Respondent Eastern Realty Company, Appellee.*

PLESS, J.   In considering this case, it must be remembered that only the respondents Brunson (the lessees) have perfected their appeal. The City and the owners are apparently content with the verdict.

The lessees except to the failure of the Court to permit a separate

trial as to their claims. This was entirely discretionary; and the lessees citing no authority in support of their position, and no abuse being shown, the exception is overruled.

> "Under these circumstances, whether the issues relating to the damages, if any, sustained by (the tenants), should be determined by the same jury upon the same evidence in a single trial, or deferred for trial by another jury upon other evidence, was determinable by the court in the exercise of its discretion." *Barnes v. Highway Commission,* 257 N.C. 507, 521, 126 S.E. 2d 732.

The battle ground upon which the serious issues are fought is upon the position of the lessees that their alleged damage should be determined without regard to the owner's recovery; that the City should pay the owners and, in addition, should pay them, the lessees. While they find some authority for their contentions in other states, our Court has consistently held otherwise.

> " 'The rule is generally recognized (though not invariably followed) that, where there are several interests or estates in a parcel of real estate taken by eminent domain, a proper method of fixing the value of, or damage to, each interest or estate, is to determine the value of, or damage to, the property as a whole, and then to apportion the same among the several owners according to their respective interests or estates, rather than to take each interest or estate as a unit and fix the value thereof, or damage thereto, separately.' 18 Am. Jur., Eminent Domain § 239; Nichols on Eminent Domain, Third Edition, Volume 4, § 12.36(1); Lewis on Eminent Domain, Third Edition, Volume II, § 716; Annotations, 69 A.L.R. 1263 and 166 A.L.R. 1211." (Quoted from *Barnes v. Highway Comm., supra.*)
>
> "It is a fundamental principle, governing condemnation proceedings, where several interests are involved, such as estates for life, . . . or leaseholds, or in reversion . . . all should be combined in determining the value of the fee, after which the total value of the fee can be subdivided in satisfaction of the values fixed upon the various interests involved." *Carlock v. U. S.,* 53 Fed. 2d 926.
>
> "It is well established that a tenant for years under a written lease is an owner of property in the constitutional sense, and is entitled to share in the compensation when all or a part of the property leased is taken by eminent domain during the term of the lease, . . ." 27 Am. Jur., 2d, Eminent Domain, § 250

In accordance with above authorities, we hold that when an entire piece of property is acquired by condemners, the sovereign must pay the reasonable market value for it. It is not required to pay an additional amount to a lessee, life tenant, or others having an interest, contingent, vested, or otherwise. While an advantageous lease is a proper factor to be considered — just as the fact that the property is not rented, or is unrentable, would be — in determining its fair market value, the condemner's total liability is fixed when the fair market value of the property, considering all proper factors, has been established.

What then happens to the rights of the lessee? The answer is clear. Since the rent he would pay, with the probability of greater rents in the future, are considered in determining the value of the property, it follows that the owner gets higher compensation because of them. As a consequence, the owner is required to account to his lessee for the value of his lease.

The lessees also claim that the Court, by its instructions and statement of contentions, so limited them that they did not receive a fair amount of the proceeds awarded to the owner to compensate them for their loss. It is true that they offered evidence which would have permitted a much larger award to them than the jury gave them; on the other hand, the owner's evidence was that the lessee's damage was about half of their award, which adds up to a jury question and, in the absence of error, affords no relief to the lessees here.

The Court's statement of the owner's contentions requires some two or three pages of the case on appeal; those of the lessees require only one. But it is not required that the statement of the contentions be of equal length. 4 Strong's N. C. Index, Trial, § 37, *Brannon v. Ellis,* 240 N.C. 81, 81 S.E. 2d 196. Also, the owners made no request for any additional statements of their contentions, as is required. *Sherrill v. Hood,* 208 N.C. 472, 181 S.E. 330.

The lessees further complain of the Court's instructions as to the factors to be considered in determining the compensation due the owner. However, we are of the opinion that the Court's charge was favorable to the lessees in that he said "and in so doing (determining the fair market value of the property) you will not reduce such value by any amount calculated to reflect any opinion you might have as to any provisions of the lease to Brunson which *adversely* affects such value. If you find the Brunson lease or any of its provisions *favorably* influence the fair market value of the respondent Realty Company's property, you will consider such factors, along

with the other evidence in the case, in arriving and in determining the fair market value of the property." (Emphasis added.)

The lessees except to the failure of the Court to adopt the issues tendered by them and to the adoption of the issues presented to the jury. Upon the theory of trial, which in our opinion was the correct one, we think the adopted issues fairly present the questions at issue, and these exceptions are overruled.

The lessees further excepted to this part of the charge: "The business located on the land may be considered only insofar as it enhances or detracts from the fair market value of the land." However, the lessees cite no authority in support of their contention, and since this instruction was given to the jury in connection with the first issue, any error contained in it would be against the owner, who has not appealed.

The lessees complain that while the first issue deals with the recovery of Eastern Realty Company and Ronald A. Brunson and wife, that in his charge on it, the Court spoke of "Eastern Realty Company's property" without referring to the interest of the lessees. Since the Court had gone fully into the interest of the lessees at other portions of the charge, we consider this phrase without significance, and as a convenient or shorthand method of referring to the property in question. After all, it was Eastern Realty Company's property, even though rented to the lessees.

In discussing the second issue, which dealt with the lessees' claim, the Court said: "(Y)our answer to this issue will be such amount, if any, as you find to be the difference between the fair market value of the Brunson lease from January of '67 to January of '72, and the amount that the Brunsons are bound to pay under such lease." The Court had previously stated "the measure of compensation for a leasehold interest taken under eminent domain is the difference between the fair rental value of the leased premises for the unexpired term of the lease and the rent reserved in the lease," and no exception was taken to this part of the charge. The Court had then summarized the evidence for the lessees which tended to show that the lease was favorable to them and that the rental required was substantially less than its value. This exception is overruled.

There are other exceptions to the charge and to the admission of evidence, but careful consideration of all of them reveals no substantial merit.

The lessees take several exceptions to the testimony of Mr. Joseph A. Robb who testified for the petitioner as an expert realtor. He testified that he had been in the real estate business for more

than twenty years and had done appraising for many banks and commissions. Some ten pages of the case on appeal comprise his testimony. He gave it as his opinion that the market value of the lessor's interest was $88,800 and that the lessees' interest was worth $4,200, making a total of $93,000 for the property under consideration. The lessees excepted to the admission by the Court of his statement that he had computed the value of the lessor's interest, the lessees' interest and that "the sum of the two have to equal the whole." However, the latter statement was in response to the question "Will you tell us how you arrived at that figure (that the lessees' interest was worth $4,200)?" There was no objection to the question, and since the values given as shown above were several times stated by him without objection, the exceptions are not sustained.

We can understand the disappointment of the lessees in receiving such comparatively small compensation for an advantageous lease with five years to run, in which they were doing a half million dollar yearly business. Also, in the first half of their ten-year lease, they had expended much more than their award in remodeling and in improving the premises and had almost doubled their volume of business. All these factors were fully presented in the evidence and summarized in the charge. The fact that the jury accepted the owner's claims in preference, in a trial free from substantial error, is not a proper basis for a new trial.

No error.