SAMUEL MACON WHEELER v. JOHN WAYNE DENTON AND VESTER EARP

No. 709SC402

(Filed 5 August 1970)

1. **Rules of Civil Procedure § 50— motion for directed verdict — repeal of motion for nonsuit**

   Although the statute providing for the motion for judgment as of nonsuit had been repealed by the Rules of Civil Procedure, the defendant's motion for "judgment of nonsuit" made at the close of plaintiff's evidence, and again at the close of all the evidence, was treated as a motion for a directed verdict under Rule 50.  G.S. 1A-1.

2. **Rules of Civil Procedure § 50— motion for directed verdict — statement of specific grounds**

   The statutory provision that "specific grounds" shall be stated in a motion for a directed verdict is mandatory. Rule 50(a), G.S. 1A-1.

3. **Appeal and Error § 59; Rules of Civil Procedure § 50— motion for directed verdict — review on appeal**

   Appellant who failed to state "specific grounds" in his motion for directed verdict was not entitled on appeal to question the insufficiency of the evidence to support the verdict. Rule of Civil Procedure 50, G.S. 1A-1.

4. **Trial § 34— statement of contentions — waiver of objection**

   Objections to the statement of contentions arising on the evidence must be made before the jury retires or they are deemed to have been waived.

5. **Trial § 34— statement of contentions — equal length of contentions**

   It is not required that the statement of each party's contentions be of equal length.

6. **Torts § 7— settlement with one tort-feasor — rights of other tort-feasor**

   Where a passenger injured in an automobile accident settled with one *tort-feasor* for $3,750, the other *tort-feasor*, who went to trial, was entitled to have judgment of $10,000 rendered against him reduced by $3,750, but he was not entitled to have judgment reduced to $3,750. G.S. 1B-4.

7. **Torts § 7— encouragement of settlements between injured party and tort-feasor**

   The Uniform Contribution Among *Tort-feasors* Act contemplates that settlements are to be encouraged.

8. **Torts § 7— settlement between injured party and tort-feasor — showing of good faith — burden of proof**

   The mere showing that there has been a settlement between an injured party and a *tort-feasor* is insufficient to show that there has

been a lack of good faith in the settlement; the burden of showing a lack of good faith is upon the party asserting it.   G.S. 1B-4.

APPEAL by defendant Vester Earp from *Clark, J.,* February 1970 Session of Superior Court held in FRANKLIN County.

On 1 February 1968 at about 12:20 a.m., the plaintiff was a guest passenger in a car operated by John Wayne Denton (Denton). Denton was driving north on Highway #581 toward Louisburg. Defendant Vester Earp (Earp) was in his 1967 Plymouth headed north on Highway #581. Denton's car struck Earp's car in the rear, and as a result of the collision, the plaintiff was injured. Plaintiff alleged joint negligence on the part of Denton and Earp. Upon settlement with Denton for $3,750.00, the case proceeded against Earp.

From an adverse verdict and the judgment entered, Earp assigned error and appealed to the Court of Appeals.

*Hubert H. Senter for plaintiff appellee.*

*Reynolds & Farmer by F. Alton Russell for defendant appellant.*

MALLARD, C.J.

[1]   The first contention of defendant is that the court erred in refusing to grant defendant's motion for judgment as of nonsuit. G.S. 1-183, which provided for the motion for judgment as of nonsuit, was repealed by the 1967 Legislature, effective 1 January 1970. The new procedure, effective 1 January 1970, substituted the motion for a directed verdict in its stead. G.S. 1A-1, Rule 50(a). In the comments under G.S. 1A-1, Rule 50, it is stated:

"Under the rules, at the close of the claimant's evidence, the party defending in a jury trial will be restricted to the directed verdict motion—a motion that if granted will result in a judgment on the merits disposing of the case finally in the absence of reversal on appeal. * * *"

However, in our discretion, we shall treat the defendant's motion for "judgment of nonsuit" made at the close of plaintiff's evidence, and again at the close of all the evidence, as a motion for a directed verdict under G.S. 1A-1, Rule 50. The new rules contemplate that the name of the motion is not as important as the substance.

G. S. 1A-1, Rule 50(a) reads as follows:

"(a) *When made; effect.*—A party who moves for a directed verdict at the close of the evidence offered by an opponent may offer evidence in the event that the motion is not granted, without having reserved the right so to do and to the same extent as if the motion had not been made. A motion for a directed verdict which is not granted is not a waiver of trial by jury even though all parties to the action have moved for directed verdicts. *A motion for a directed verdict shall state the specific grounds therefor.* The order granting a motion for a directed verdict shall be effective without any assent of the jury." (Emphasis Added.)

[2, 3] The record before us reveals that the defendant did not state any grounds for his motion for judgment of nonsuit. Since the statute expressly requires that "specific grounds" shall be stated in a motion for a directed verdict, this provision of the rule is mandatory. The appellant, having failed to state "specific grounds," is not entitled upon this appeal to question the insufficiency of the evidence to support the verdict. *Budge Manufacturing Co. v. United States,* 280 F. 2d 414 (3rd Cir. 1960).

However, if the defendant had moved for a directed verdict on the grounds that the evidence failed to show negligence on his part, we think that there was ample evidence of the defendant's negligence to require submission of the case to the jury.

[4, 5] The defendant further assigns error to the judge's charge. Specifically, the defendant contends that certain of the plaintiff's contentions as given by the judge were not supported by the evidence. As a general rule, objections to the statement of contentions arising on the evidence must be made before the jury retires or they are deemed to have been waived. *State v. Ford,* 266 N.C. 743, 147 S.E. 2d 198 (1966); *In re* Will of Kemp, 236 N.C. 680, 73 S.E. 2d 906 (1953); *Powell v. Daniel,* 236 N.C. 489, 73 S.E. 2d 143 (1952). In addition, the defendant says that the court did not give "equal stress" to defendant's contentions because the defendant's contentions were not equal in length with the plaintiff's contentions. It is not required that the statement of contentions be of equal length. *Durham v. Realty Co.,* 270 N.C. 631, 155 S.E. 2d 231 (1967). We have reviewed the charge of the court, and no prejudicial error is made to appear.

[6]  Plaintiff's complaint alleged joint and concurrent negligence of Denton and the defendant. Plaintiff settled with Denton, and Denton was released as a defendant by written instrument under the provisions of G.S. 1B-4. The case went to trial against the defendant Earp. The jury answered the issue of negligence in the affirmative and the issue of damages in the sum of $10,-000.00. The judgment entered against the defendant for $6,250.00 contains the following:

> "It appearing to the court that the defendant John Wayne Denton was released as a defendant from this cause of action under GS 1B-4 upon the payment by said John Wayne Denton of $3,750.00 to the plaintiff on the 24th day of February, 1970, prior to the calling of this case for trial and that the defendant Vester Earp is entitled to a credit of $3,750.00 on the verdict rendered by the jury in the sum of $10,000.00 as provided in said statute.
>
> Now, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED that the plaintiff have and recover of the defendant Vester Earp the sum of $6,250.00 together with the costs of this action to be taxed by the Clerk."

Earp contends that the trial judge committed error in entering the judgment for $6,250.00 and argues that the court should have reduced the amount of the recovery to $3,750.00 which was the amount paid by Denton.

G.S. 1B-4 reads as follows:

"When a release or a covenant not to sue or not to enforce judgment is given in *good faith* to one of two or more persons liable in tort for the same injury or the same wrongful death:

(1)  It does not discharge any of the other *tort-feasors* from liability for the injury or wrongful death unless its terms so provide; but it reduces the claim against the others to the extent of any amount stipulated by the release or the covenant, or in the amount of the consideration paid for it, whichever is the greater; and,

(2)  *It discharges the tort-feasor to whom it is given from all liability for contribution to any other tort-feasor.*" (Emphasis Added.)

Earp contends that to permit a recovery against him of $6,250.00 when Denton is released for $3,750.00 denies his right

Wheeler v. Denton

to contribution under the provisions of G.S. 1B-1. The provisions of G.S. 1B-1 provide for contribution under certain circumstances, but G.S. 1B-4 takes away this right of contribution when the provisions thereof are complied with. Judge Clark found, in substance, that the provisions of G.S. 1B-4 had been complied with by Denton and, pursuant to this statute, correctly reduced the judgment on the verdict when he allowed Earp credit for the $3,750.00 paid by Denton. 7 Strong, N.C. Index 2d, Torts, § 7.

Moreover, Earp is not in a position to complain that he has to pay more than Denton. The record reveals that prior to the beginning of the trial, Earp was given the same opportunity Denton had to settle upon the payment of $3,750.00. Earp refused to do so and took his chance with the jury. Earp knew that Denton had settled with the plaintiff and knew, or was chargeable with knowledge of, the consequences under G.S. 1B-4 of a decision to decline the offer of settlement. He cannot now justifiably complain because in retrospect, it appears that he made the wrong decision.

[7, 8] Defendant does not contend that the settlement between Denton was not paid but argues that the mere fact that settlement was made demonstrates a lack of good faith. We do not agree. The statute contemplates that settlements are to be encouraged. In the case of *Matthews v. Hill*, 2 N.C. App. 350, 163 S.E. 2d 7 (1968), it is said: "It is also desirable that settlements be made promptly and with finality." The mere showing that there has been a settlement is not enough to show there has been a lack of good faith. The burden of showing a lack of good faith is upon the party asserting it. 7 Strong, N.C. Index 2d, Torts, § 7.

We have reviewed all of defendant's assignments of error properly presented, and no prejudicial error is made to appear.

The judgment of the superior court is

Affirmed.

MORRIS and GRAHAM, JJ., concur.