BOYD S. DICKENS, ADMINISTRATOR OF THE ESTATE OF SHIRLEY MARIE DICKENS v. DR. C. D. EVERHART

No. 7317SC10

(Filed 14 February 1973)

1. **Evidence § 48— failure to find witness an expert — exclusion of testimony proper**

    Where defendant in a malpractice case did not admit that plaintiff's witness was an expert and plaintiff did not request a finding of his witness's qualification, the trial court did not err in failing to declare the witness an expert, and the exclusion of his testimony as an expert is not presented for review on appeal.

2. **Trial § 36— statement of contentions of parties — claim of unequal stress**

    Though the trial court's statement of defendant's contentions may have required more lines than the statement of plaintiff's contentions, the court's instructions as a whole did not give unequal stress to the contentions of either party in violation of Rule 51(a).

APPEAL by plaintiff from *Crissman, Judge,* 5 June 1972 Session of SURRY Superior Court.

This is a malpractice action brought by plaintiff administrator to recover for injuries to and death of his intestate, a 17 year old girl, defendant being a medical doctor practicing his profession in Mt. Airy and Surry County. A jury answered the issues of negligence in favor of defendant and from judgment allowing plaintiff no recovery, plaintiff appealed.

*White and Crumpler by James G. White and Michael J. Lewis for plaintiff appellant.*

*Folger & Folger by Fred Folger, Jr., for defendant appellee.*

BRITT, Judge.

[1] By the first assignment of error argued in his brief, plaintiff contends that the trial court erred in failing to find that plaintiff's witness, Dr. Toyama, was an expert witness familiar with accepted medical procedures and failing to allow this witness to express his opinion "as to accepted medical practice in this case."

The alleged malpractice of defendant occurred in October 1964. Dr. Toyama testified: He completed medical school at Howard University, Washington, D. C., in 1963. He interned in Youngstown, Ohio, from 1963 to 1964 after which he moved to California where he received training in pathology from 1964 to 1968. He practiced pathology in California for one year then moved to Winston-Salem where he practiced that specialty from 1969 to April of 1972. At the time of trial he was practicing pathology in Galax, Virginia. He is licensed to practice medicine in North Carolina, California and Virginia. In an attempt to show what was accepted medical practice in many communities "including the community of Mt. Airy" on 3 October 1964, plaintiff posed a hypothetical question to Dr. Toyama. The trial court sustained defendant's objection to the question, stating (for the record) : "My chief reason for sustaining the objection is that this man was either a medical student or an intern in Ohio or somewhere else in 1964. In my view it is impossible for him to know what is the customary practice in this case at that time."

We find it unnecessary to pass upon the reasons given by the trial court in sustaining the objection as we think the court's action should be upheld on at least one other well established ground. The record discloses that while plaintiff questioned Dr. Toyama at length about his medical training and experience, there was no admission by defendant that Dr. Toyama was a medical expert and plaintiff at no time asked the court to find that he was a medical expert. In Stansbury N. C. Evidence, 2d ed., § 133, p. 318, we find: " * * * On objection being made, the party offering a witness as an expert should request a finding of his qualification; if there is no such

request, and no finding or admission that the witness is qualified, the exclusion of his testimony will not be reviewed on appeal." The quoted statement is amply supported by authorities from this jurisdiction. We hold that in the absence of a request to do so, the court did not err in failing to declare Dr. Toyama an expert witness and the exclusion of his testimony as an expert is not presented for review.

[2] Plaintiff contends next that the trial court erred in its jury instructions in that it overemphasized the contentions of defendant, plaintiff arguing that the court "devoted more than twice as many lines" to its statement of defendant's contentions as it did in stating plaintiff's contentions. It is not required that the statement of contentions be of equal length. *Durham v. Realty Company,* 270 N.C. 631, 155 S.E. 2d 231 (1967) ; *Wheeler v. Denton,* 9 N.C. App. 167, 175 S.E. 2d 769 (1970). After a careful review of the challenged instructions, we conclude that the court did not give unequal stress to the contentions of either party in violation of G.S. 1A-1, Rule 51(a). We further note that near the end of the charge, the court inquired if there is "anything else" and counsel for both parties answered in the negative.

Plaintiff assigns as error other portions of, and alleged deficiencies in, the jury charge. Suffice to say, a careful review of the charge, with particular reference to the questions raised by plaintiff, impels us to conclude that the charge is free from prejudicial error.

We have considered the other assignments of error argued in plaintiff's brief but finding them without merit, they too are overruled.

No error.

Judges PARKER and VAUGHN concur.