IREDELL KNITTING MILLS v. PRINCETON REALTY CORPORATION

No. 7322SC96

(Filed 21 February 1973)

**Evidence § 29— accounts payable ledger — lack of authentication — admission as reversible error**

> The trial court committed error requiring a new trial in this action to cancel a bond and deed of trust executed by plaintiff in favor of defendant when it allowed into evidence a ledger purporting to be plaintiff's accounts payable ledger where the evidence tended to show that the ledger was discovered by plaintiff's president in a store building which had formerly been an outlet of plaintiff mill, that the president could offer no testimony as to who had kept the books of the corporation during the time the ledger was allegedly kept, that the president himself did not know whether entries in the ledger were correct and that no testimony was offered, by identification of handwriting or otherwise, to show who made the entries in the ledger.

APPEAL by defendant from *Kivett, Judge,* at the 26 June 1972 Session of IREDELL Superior Court.

This action was instituted on 4 March 1971 and seeks cancellation of a bond and deed of trust executed by plaintiff in favor of defendant. The complaint alleges:

Plaintiff is a North Carolina corporation and on or about 6 April 1966 executed and delivered to defendant a bond in the amount of $45,000. The bond recites that plaintiff had sold defendant certain machinery and other personal property; that plaintiff had certain common creditors to whom it owed an aggregate amount exceeding $45,000; that although plaintiff was solvent it did not have on that date sufficient cash or current assets with which fully to pay its creditors; that when plaintiff had paid its said creditors an aggregate of $45,000, the bond would be void. The bond is secured by a deed of trust to A. B. Raynor, trustee, conveying certain real estate and improvements thereon. Plaintiff has discharged all of its obligations imposed by the bond and is entitled to have the bond and deed of trust cancelled.

Defendant filed answer denying material allegations of the complaint. Jury trial was waived. Following a trial, the court entered judgment finding facts and adopting conclusions of law as contended by plaintiff, and adjudging that the bond be discharged and the deed of trust cancelled of record. Defendant appealed.

*Raymer, Lewis & Eisele by Douglas G. Eisele for plaintiff appellee.*

*Collier, Harris & Homesley by Edmund L. Gaines for defendant appellant.*

BRITT, Judge.

Defendant assigns as error the admission into evidence of plaintiff's exhibit 8 identified as plaintiff's accounts payable ledger. This ledger is approximately 9 inches by 12 inches, loose-leaf, contains some 250-300 pages, entries are in handwriting, and has a label "IREDELL KNITTING MILLS, INC. ACCOUNTS PAYABLE LEDGER" affixed on the front cover with Scotch tape. Plaintiff's purpose in offering the ledger was to show plaintiff's accounts payable as of 6 April 1966 and payments on said accounts.

Plaintiff's president testified in pertinent part as follows: A resident of New York, he became plaintiff's president a few months after the death of his father, plaintiff's former president and general manager, on 13 October 1971. He located said ledger in a store building at 117 North Center Street, Statesville, N. C.; his father formerly operated an outlet store at said location. From 1966 until about 1970, one Nell Winecoff worked for his father as bookkeeper; she died in April of 1971. On cross-examination he testified that prior to his father's death he had no active role in plaintiff's operation, did not know who kept said ledger prior to April 1966 and did not know who kept it from that date until his father's death; " . . . all I know is where I found it, and I don't know if the various entries are correct as to the creditors' names and amounts owed or paid."

No testimony was offered, by identification of handwriting or otherwise, to show who made the entries in the ledger.

The assignment of error must be sustained.

In Stansbury N. C. Evidence, 2d Ed., § 155, after reviewing the business entries rule in this State and its liberalization due to changing business conditions, the author on page 390 says: " * * * If the entries were made in the regular course of business, at or near the time of the transaction involved, and are authenticated by a witness who is familiar with them and the system under which they were made, they are admissible. * * * "

In *Supply Co. v. Ice Cream Co.*, 232 N.C. 684, 685-686, 61 S.E. 2d 895, 896-897 (1950), the court said:

> "The rule of evidence formerly observed by the courts limiting proof of items of business transactions to matters within the personal knowledge of a witness, has undergone revision in the light of modern business conditions and methods. (Citations.) The impossibility of producing in court all the persons who observed, reported and recorded each individual transaction gave rise to the modification which permits the introduction of recorded entries, made in the regular course of business, at or near the time of the transaction involved, and authenticated by a witness who is familiar with them and the method under which they are made. This rule applies to original entries made in books of account in regular course by those engaged in business, when properly identified, though the witness may not have made the entries and may have had no personal knowledge of the transactions. (Citations.)"

In *Sims v. Insurance Co.*, 257 N.C. 32, 35, 125 S.E. 2d 326, 329 (1962), the court in passing upon the admissibility of hospital records said: " * * * Ordinarily, therefore, records made in the usual course of business, made contemporaneously with the occurrences, acts, and events recorded by one authorized to make them and before litigation has arisen, are admitted upon proper identification and authentication. (Citations.)"

In *City of Randleman v. Hinshaw*, 2 N.C. App. 381, 383, 163 S.E. 2d 95, 97 (1968), we said: "Before any writing will be admitted in evidence, it must be *authenticated* in some manner— i.e., its genuineness or execution must be proved. (Citations.) * * * "

In 30 Am. Jur. 2d, Evidence, § 927, pp. 46-47, we find:

> "Under the common law, entries in books of accounts made in the regular course of business by a person other than the party who offers them in evidence are admissible provided they are proved by the person who made them. If the entries are not verified by the person who made them, and it is not shown that such person is unavailable as a witness, the books are not admissible. However, where such third person is dead at the time of the trial or otherwise unavailable as a witness, entries or memoranda made by him in the regular course of business,

and under circumstances calculated to insure accuracy and precluding any motive of misrepresentation, are admissible as prima facie evidence of the facts stated, *upon proof of his handwriting.* * * * " (Emphasis ours.)

We hold that the court erred in admitting plaintiff's exhibit 8 into evidence. Proper foundation for its admission was not laid.

We are of the opinion that the ends of justice require that the judgment appealed from be vacated and a new trial be had. *Watkins v. Grier,* 224 N.C. 334, 30 S.E. 2d 219 (1944). It is so ordered. We deem it unnecessary to discuss the other assignments of error argued in the briefs. We also deem it unnecessary to decide *ex mero motu* if the trustee in the deed of trust is a necessary party to this action.

New trial.

Judges MORRIS and HEDRICK concur.