JOSEPHINE B. CRUTCHER v. R. DAVID NOEL

No. 739SC16

· (Filed 14 March 1973)

1. **Evidence § 29— hospital records — insufficient identification and authentication — exclusion proper**

Where the only evidence of the authenticity of hospital records relating to plaintiff was testimony by the Director of Medical Records

Crutcher v. Noel

at the hospital that she had been employed there since 1 January 1972 and that the records had been kept and maintained on the premises, the trial court in a malpractice case properly excluded the records from the evidence since plaintiff entered the hospital almost five years prior to the Medical Director witness's employment and since the witness's testimony failed to show that the entries were made at or near the time of the act, conditions or event recorded, that the records were made by persons having knowledge of the data set forth and that said records were made *ante litem motam*.

2. **Evidence § 47— expert testimony — opinion based on facts not in evidence**

     Answer of a doctor witness to a hypothetical question was properly stricken where the witness testified that in arriving at his opinion he took into account certain records containing information which was not within his personal knowledge and was not a part of the evidence.

3. **Evidence § 48— failure to find witness an expert — exclusion of testimony proper**

     Exclusion of a doctor's testimony as an expert is not presented for review on appeal where there was no admission by defendant that the doctor was a medical expert and plaintiff did not ask the court to so find.

4. **Trial § 11— jury argument — matter outside record — no error**

     The trial court in a malpractice case did not err in permitting defendant's counsel to "travel outside the record" in his argument to the jury where plaintiff's counsel in his preceding argument "opened the door."

APPEAL by plaintiff from *Godwin, Judge,* 17 April 1972 Session of GRANVILLE Superior Court.

Plaintiff instituted this malpractice action against defendant, a physician and surgeon engaged in the practice of his profession in Oxford, North Carolina, and surrounding areas, to recover for permanent injuries to her person. Plaintiff contends that her injuries resulted from defendant's negligence in the performance of an arthrotomy on her right knee and application of a pneumatic tourniquet which constricted circulation in her lower right leg thereby producing necrosis or death of the tissues making it necessary that said leg be amputated. A jury answered the issue of negligence in defendant's favor and from judgment allowing plaintiff no recovery, plaintiff appealed.

*Yarborough, Blanchard, Tucker & Denson by Charles F. Blanchard for plaintiff appellant.*

*Smith, Anderson, Blount & Mitchell by John H. Anderson and Royster & Royster by Stephen S. Royster for defendant appellee.*

BRITT, Judge.

[1]   Plaintiff first assigns as error the trial court's excluding from evidence official records of the Medical College of Virginia relating to plaintiff. The excluded records included various surgical, radiological and pathological reports of doctors who attended or examined plaintiff at the Medical College of Virginia Hospital after her transfer from Granville Hospital where she was under defendant's care and treatment.

Plaintiff contends that in offering said records into evidence, she substantially met the requirements as to proper identification and authentication of hospital records set forth in *Sims v. Insurance Co.*, 257 N.C. 32, 125 S.E. 2d 326 (1962), by having Mrs. Margaret Binder, Director of Medical Records at the Medical College of Virginia, personally testify as to the identity of said records.

Justice Clifton L. Moore, writing for the Court in *Sims* on the admissibility into evidence of hospital records, pointed out:

> Hospital records, when offered as primary evidence, are hearsay. However, we think they come within one of the well recognized exceptions to the hearsay rule—entries made in the regular course of business. Modern business and professional activities have become so complex, involving so many persons, each performing a different function, that an accurate daily record of each transaction is required in order to prevent utter confusion. An inaccurate and false record would be worse than no record at all. Ordinarily, therefore, records made in the usual course of business, made contemporaneously with the occurrences, acts, and events recorded by one authorized to make them and before litigation has arisen, are admitted upon proper identification and authentication. [Citations.]

> *   *   *   *

> In instances where hospital records are legally admissible in evidence, proper foundation must, of course, be laid for their introduction. The hospital librarian or custodian of the record or other qualified witness must testify to the identity and authenticity of the record and the mode of its preparation, and show that the entries were made at or near to the time of the act, condition or event recorded, that they were made by persons having knowledge of the

data set forth, and that they were made *ante litem motam.* * * *

In the recent case of *Iredell Knitting Mills v. Princeton Realty Corporation,* 17 N.C. App. 428, 194 S.E. 2d 359 (1973), this court noted that in Stansbury N. C. Evidence, 2d Ed., § 155, p. 390, the author, after reviewing the business entries rule in this State and its liberalization due to changing business conditions, says: " * * * If the entries were made in the regular course of business, at or near the time of the transaction involved, and are authenticated by a witness who is familiar with them and the system under which they were made, they are admissible. * * * "

Mrs. Binder testified: "I have been with Medical College since the first of January, 1972. I am responsible for the care and custody of the medical records of all patients treated at Medical College of Virginia. I brought with me the original records of Mrs. Josephine B. Crutcher, which records were kept and maintained on the premises of the Medical College of Virginia."

Plaintiff entered the Medical College of Virginia Hospital in April 1967, almost five years prior to Mrs. Binder's employment as director of medical records there. Mrs. Binder's testimony that the "records were kept and maintained on the premises of the Medical College of Virginia" falls short of the *Sims* requirements by failing to show that the entries were made at or near the time of the act, conditions or event recorded, that the records were made by persons having knowledge of the data set forth and that said records were made *ante litem motam.* Since plaintiff failed to have said records properly identified and authenticated we hold that the trial court did not err in excluding them from evidence.

[2] By her second assignment of error, plaintiff contends that the trial court erred in granting defendant's motion to strike Dr. Coleman's answer to a hypothetical question relating to the soundness of surgical practice carried out on plaintiff and his explanation of his answer. Although Dr. Coleman was permitted to answer the hypothetical on direct examination, the trial court allowed defendant's motion to strike the answer and further explanation of the answer when on cross-examination Dr. Coleman testified that in arriving at the opinion expressed in his

answer to the hypothetical he took into account the records of the Medical College of Virginia.

Justice Sharp in stating the rule for presenting expert opinion testimony to the jury in *Todd v. Watts,* 269 N.C. 417, 152 S.E. 2d 448 (1967), said:

> "Since it is the jury's province to find the facts, the data upon which an expert witness bases his opinion must be presented to the jury in accordance with established rules of evidence. Stansbury, N. C. Evidence § 136 (2d Ed. 1963). 'It is well settled in the law of evidence that a physician or surgeon may express his opinion as to the cause of the physical condition of a person if his opinion is based either upon facts within his personal knowledge, or upon an assumed state of facts supported by evidence and recited in a hypothetical question.' *Spivey v. Newman,* 232 N.C. 281, 284, 59 S.E. 2d 844, 847. * * * "

The records which Dr. Coleman took into account contained facts and information which were not within his personal knowledge and were not a part of the evidence.

Assuming, *arguendo,* that Dr. Coleman had an entirely proper basis for the opinion expressed in his answer to the hypothetical question, there is at least one other well established ground for sustaining the court's exclusion of his answer.

[3] The record discloses that although plaintiff questioned Dr. Coleman extensively concerning his medical training and experience, there was no admission by defendant that Dr. Coleman was a medical expert and plaintiff did not ask the court to so find. This court in the recent case of *Dickens v. Everhart,* 17 N.C. App. 362, 194 S.E. 2d 221 (1973), quoting from Stansbury, N. C. Evidence, 2d Ed., § 133, p. 318, said: " * * * On objection being made, the party offering a witness as an expert should request a finding of his qualification; if there is no such request, and no finding or admission that the witness is qualified, the exclusion of his testimony will not be reviewed on appeal." Therefore, the exclusion of Dr. Coleman's testimony as an expert is not presented for review. For the reasons stated, we find no merit in this assignment of error.

[4] Finally, plaintiff contends that the court erred in permitting counsel for defendant to "travel outside the record" in his argument to the jury.

It is well settled that attorneys have wide latitude in arguing a case to the jury, *Pence v. Pence,* 8 N.C. App. 484, 174 S.E. 2d 860 (1970), and that the trial judge has considerable discretion in controlling jury arguments of counsel, *Kennedy v. Tarlton,* 12 N.C. App. 397, 183 S.E. 2d 276 (1971).

In the instant case defendant offered no evidence, therefore, his counsel had the closing argument to the jury. Although defendant's counsel in his argument departed from the record, we think plaintiff's counsel in his preceding argument "opened the door" and that the response of defendant's counsel was not unreasonable. We hold that on the facts appearing in this case, the trial court did not err in permitting the argument complained of.

No error.

Judges CAMPBELL and GRAHAM concur.