Taylor v. Boger

*Attorney General Edmisten, by Assistant Attorney General John M. Silverstein, for the State.*

*Taylor, Upperman and Johnson, by Herman L. Taylor and Leroy W. Upperman, Jr., for defendant appellant.*

---

EARLINE COCKERHAM TAYLOR v. SHIRLEY WOOTEN BOGER

No. 7523SC453

(Filed 5 November 1975)

1. Evidence § 50— hypothetical question — facts not in evidence as basis

The trial court did not err in refusing to allow plaintiff's expert witness to answer a hypothetical question as to whether plaintiff's phlebitis could have caused varicose veins since there was no evidence admitted prior to the hypothetical question concerning plaintiff's varicose veins, and it is required that a competent hypothetical question include only such facts as are in evidence or such as may be justifiably inferred.

2. Damages §§ 3, 13— necessity for medical treatment — reasonableness of medical expenses — competency of evidence

In an action to recover damages for personal injury sustained in an automobile accident, the trial court did not err in refusing to allow plaintiff to testify concerning expenses for and treatment by a doctor in Ohio, since there was no evidence to show the necessity for plaintiff's treatment in Ohio and there was no evidence that the medical expenses paid in Ohio were reasonable in amount.

APPEAL by plaintiff from *Kirby, Judge.* Judgment entered 10 March 1975 in Special Session of Superior Court, YADKIN County. Heard in the Court of Appeals 18 September 1975.

Plaintiff instituted action to recover damages sustained in an automobile accident. She alleged that the defendant's automobile crossed the center line of the highway into the lane in which plaintiff was driving and collided with her automobile. Plaintiff further alleged injuries to her head, neck, back, and leg and sought to recover damages. Defendant answered denying the plaintiff's allegations.

The issues were tried before a jury and a verdict was returned for the plaintiff in the amount of $1,200. Plaintiff excepted and appealed to this Court.

*Franklin Smith for plaintiff appellant.*

*Deal, Hutchins, and Minor by Richard Tyndall, for defendant appellee.*

ARNOLD, Judge.

By the testimony of Dr. Richard Adams, plaintiff attempted to establish that the blow received in the accident caused phlebitis in the plaintiff's right leg, which led to the development of varicose veins in that same leg. It was stipulated that Dr. Adams was a licensed practicing physician and a medical expert, specializing in the field of orthopedic surgery. Dr. Adams testified regarding his experience with varicose veins and phlebitis, and his background in dealing with vascular diseases and surgery of the vessels.

[1] Plaintiff asked Dr. Adams a hypothetical question to establish the causal connection between the trauma of the accident and development of varicose veins in the plaintiff's leg. Plaintiff asked a hypothetical question, because Dr. Adams had not examined the patient for varicose veins or phlebitis and there-

Taylor v. Boger

fore did not have personal knowledge of the plaintiff's condition. The trial court refused to allow the witness to answer the hypothetical question, because the doctor's testimony would be "speculative." The doctor's opinion would have been that the plaintiff's phlebitis could have caused the varicose veins.

We do not necessarily agree that the doctor's opinion should be excluded because it is "speculative." See *Lockwood v. McCaskill,* 262 N.C. 663, 138 S.E. 2d 541 (1964). However, we find no error in the ruling not to allow the answer.

The record discloses no evidence having been admitted prior to the hypothetical question concerning plaintiff's varicose veins. Thus the question contains facts which are not in evidence and which cannot be inferred from the evidence.

A well recognized rule in North Carolina requires that a competent hypothetical question include only such facts as are in evidence or such as may justifiably be inferred. *Bryant v. Russell,* 266 N.C. 629, 146 S.E. 2d 813 (1966); *Crutcher v. Noe,* 17 N.C. App. 540, 195 S.E. 2d 66 (1973); Stansbury, North Carolina Evidence, Brandis Revision, § 137 (1973).

[2] Plaintiff also assigns as error the court's refusal to allow her testimony concerning expenses for, and treatment by, a doctor in Ohio. We find no error in the court's rulings. There is no evidence to show the necessity for plaintiff's treatment in Ohio (where she lived for awhile after the accident in North Carolina). Furthermore, there is no evidence that the medical expenses paid in Ohio were reasonable in amount. *Ward v. Wentz,* 20 N.C. App. 229, 201 S.E. 2d 194 (1973).

We have reviewed plaintiff's assignment of error as to the judge's charge as well as her other assignments of error. We find no error in the trial.

No error.

Judges MORRIS and HEDRICK concur.